UNITED STATES of America, Appellee,

v.

Liwy QUINONES, Defendant–Appellant.

**No. 1414, Docket 90–1139.**

United States Court of Appeals, Second Circuit.

Argued June 6, 1990.

Decided June 27, 1990.

**925**

Louis R. Aidala, New York City (Joan Palermo, of counsel), for defendant-appellant.

Kenneth J. Vianale, New York City, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., and Joan McPhee, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, NEWMAN and CARDAMONE, Circuit Judges.

1. The sentence also included four years of supervised release, and a special assessment of

$150.

FEINBERG, Circuit Judge:

Defendant Liwy Quinones appeals from judgments of conviction in the United States District Court for the Southern District of New York, Robert W. Sweet, J. Appellant pled guilty to one count of conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 846; one count of possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 813, 841(a)(1) and 841(b)(1)(B); and one count of using and carrying a firearm in connection with a narcotics trafficking offense, in violation of 18 U.S.C. § 924(c). The judge sentenced appellant to a total of ten years in prison—a mandatory minimum five-year term on the two cocaine counts, to be served concurrently, and a mandatory five-year term on the gun count, to be served consecutively as required by 18 U.S.C. § 924(c).[1]

The questions on appeal are whether the filing of a superseding indictment containing the gun count violated the Double Jeopardy Clause of the United States Constitution, and whether the district court abused its discretion in denying a motion by appellant to withdraw his guilty pleas. We answer both questions in the negative, and affirm the judgments of conviction.

Background

Appellant was arrested on April 3, 1989 by agents of the Drug Enforcement Administration, while in the midst of a multi-kilogram sale of cocaine to a confidential informant. Two co-defendants, Jose Cruz and Hector Tavarez, also participated in this transaction; we are informed that they absconded prior to trial, and were convicted in absentia. At the time of his arrest, appellant was carrying a loaded revolver.

On April 13, 1989, a two-count indictment was filed against appellant and his two co-defendants. Count One charged appellant, Cruz and Tavarez with conspiring to possess cocaine with intent to distribute (the conspiracy count), and Count Two

charged them with possessing cocaine with intent to distribute (the possession count). In support of the conspiracy count, the indictment alleged, among other overt acts, that appellant possessed a loaded gun.

On April 26, 1989, the government informed appellant's then counsel that it intended to obtain a superseding indictment charging possession of a firearm in connection with a narcotics trafficking offense, in violation of 18 U.S.C. § 924(c). On June 8, 1989, before the superseding indictment was filed, appellant appeared before Judge Sweet for what was to have been a bail application. At the outset of the hearing, however, appellant pled guilty to both counts of the original indictment, i.e., possession and conspiracy.

These pleas came as a complete surprise to the Assistant United States Attorney, who informed the judge that defense counsel "has known all along that I was going to supersede the indictment to charge this defendant with the use and carrying of a firearm" during a narcotics trafficking offense, and that counsel had called him the previous day "and told me that this was supposed to be a bail application." Indeed, it later emerged that defense counsel intentionally misled the Assistant; as counsel admitted, he "purposefully did not tell" the Assistant "what my intention was because I was desirous of having the plea entered prior to the return of any superseding indictment." This maneuver was designed to cut off the possibility that appellant would be prosecuted on an additional charge. The Assistant opposed the plea, and asked the judge to warn appellant "that the government can seek to indict him on a separate count."

Prior to entry of the plea, appellant was advised by the judge that the counts to which he was contemplating waiving his right to trial carried mandatory minimum five-year terms, and that he might face a superseding indictment containing the gun count, which would affect the mandatory minimum. In response to questioning by the judge, appellant stated that no force or threat had been used against him to procure his guilty plea, that he was pleading guilty freely and voluntarily, that his lawyer had been fully informed of the circumstances and events in question and had advised appellant of his rights and defenses and that appellant was satisfied with his lawyer's representation of him. Thereafter, the judge accepted appellant's guilty plea at the conclusion of the hearing.

On June 15, 1989, a superseding indictment was filed, charging, among other things, that appellant had used and carried a firearm during a narcotics trafficking offense (the gun count). Although the superseding indictment charged appellant's co-defendants with cocaine conspiracy and possession, it did not so charge appellant. Instead, the only count in the superseding indictment charging appellant was the gun count. Appellant moved to dismiss the indictment on the grounds that trial on the gun count would violate the Double Jeopardy Clause, but the district court denied that motion by order dated July 11, 1989, 1989 WL 78401.[2]

On July 18, 1989, the day set for trial, appellant pled guilty to the gun count of the superseding indictment. Before the judge accepted the plea, he advised appellant that the gun count carried a five-year mandatory minimum sentence that would be consecutive to the sentences imposed on the conspiracy and possession counts. Appellant again told the court, among other things, that he had discussed the charge with his lawyer, that he had been advised of his rights and that no force or threat had been used to induce his pleas.

Some two months later, however, appellant acting pro se sent the judge a letter in which he stated that he wanted to withdraw his pleas. Despite the representations noted above concerning the voluntari-

**2.** The District Court relied on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which announced the rule that offenses are different for purposes of the Double Jeopardy Clause if each "requires proof of a fact which the other does not." Id. at 304, 52

S.Ct. at 182. On appeal, the government does not defend the double jeopardy ruling on the basis of *Blockburger,* since conviction on the drug offenses does not require proof of facts different from those necessary for conviction on the gun offense.

ness of his pleas, appellant claimed in his letter that "I was forced to agree to plead under the threat of possible harm to myself and my family." Appellant also stated that the attorney representing him was paid by his co-defendants and did not "represent my interest."

The district court then appointed new counsel for appellant, and held a hearing in November, 1989 to consider appellant's request to withdraw his pleas. By opinion dated February 5, 1990, 1990 WL 13192, the judge denied the motion to withdraw the pleas. Among other things, the district court ruled that appellant's "testimony about threats is not credible or corroborated," that appellant "has failed to establish that his pleas resulted from co-defendant coercion" and that the "record is equally devoid of credible support for the conclusion" that appellant's first counsel "represented the interests of persons other than" appellant.

After two judgments of conviction were entered—one relating to the conspiracy and possession counts and the other to the gun count—this appeal followed.

### Discussion

Appellant contends before us that the superseding indictment violated the Double Jeopardy Clause, and that the district court abused its discretion in denying his motion to withdraw his guilty pleas. We are not persuaded by either claim.

### I. *Double Jeopardy*

At the outset, we are met with the government's argument—albeit raised in a footnote—that appellant waived his double jeopardy challenge to the superseding indictment by pleading guilty to the gun count. The government cites, among other authority, the Supreme Court's decision in *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). In that case, the defendants pled guilty to two indictments charging two separate antitrust conspiracies. *See id.* 109 S.Ct. at 760. The *Broce* court held that the defendants had waived their right to collaterally attack their convictions on double jeopardy

grounds, reasoning that, by their pleas of guilty to the two indictments, defendants had conceded guilt to two separate offenses. See id. at 763. The government argues that, like the defendants in *Broce*, appellant here pled guilty to two indictments which, on their face, charged separate crimes, and thereby conceded guilt on separate offenses.

The government's argument is troubling. On the one hand, there is language in *Broce* supporting the government's position. The Court stated, for example, that just "as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." Id. At the same time, however, the test that apparently emerges from *Broce* seems to turn on whether the claim of double jeopardy may be adjudicated on the face of the record or requires supplemental evidence, a distinction that would undermine the government's assertion of waiver. It is arguable that under *Broce*, if a double jeopardy claim can be adjudicated without the need for supplemental material, then there is no waiver. See id. at 765–66. Here, appellant's double jeopardy claim rests on facts apparent in the record and thus, under *Broce*, was arguably not waived.

We regard the waiver claim as a close question, but it is not necessary to decide it because, even if not waived, appellant's double jeopardy argument fails. Appellant argues that the superseding indictment violated the Double Jeopardy Clause, although the basis of his argument to us is not entirely clear. Appellant apparently claims that double jeopardy principles were violated because (1) the first two counts of the superseding indictment charged him with the identical conspiracy and possession counts on which he alleges he had already been convicted; (2) the gun count in the superseding indictment was based upon the same gun possession that had been alleged in the original indictment as an overt act under the conspiracy count;

and (3) the government's delay in bringing the superseding indictment until after he pled guilty to the original indictment offends the policy against successive prosecutions for the same transaction.

We note preliminarily that appellant apparently did not raise the first of these claims below, and, in any event, it seems to be based upon a misconception. The superseding indictment did not charge appellant with conspiracy and possession, although it referred to him as a co-conspirator in charging co-defendants Cruz and Tavarez with those offenses; rather, the only charge against appellant in the superseding indictment was the gun count. However, we need not consider the double jeopardy arguments further because, more fundamentally, the Supreme Court has made clear that a criminal defendant is not "entitled to use the Double Jeopardy Clause as a sword." *Ohio v. Johnson,* 467 U.S. 493, 502, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984); see also *Jeffers v. United States,* 432 U.S. 137, 152–54, 97 S.Ct. 2207, 2217–18, 53 L.Ed.2d 168 (1977).

In *Jeffers,* the Court rejected a defendant's claim of double jeopardy based upon a guilty verdict on a lesser included offense in the first of two successive trials because the second trial resulted from the defendant's insistence that there be separate rather than consolidated trials. 432 U.S. at 152–54, 97 S.Ct. at 2217–18. Similarly, in *Johnson,* the Court held that where a trial court accepts a defendant's plea to lesser included offenses over the prosecution's objection, double jeopardy does not prevent the government from prosecuting the defendant on the remaining, greater offenses. 467 U.S. at 501–02, 104 S.Ct. at 2542–43.

It is true that in both *Johnson* and *Jeffers* —unlike the present case—the prosecution initially combined its charges, in one indictment in *Johnson* or in two indictments handed down on the same day in *Jeffers.* But, Quinones was nonetheless trying to use the Double Jeopardy Clause as a sword by insisting on a right to plead guilty to the conspiracy and possession counts in the face of government objection and government notice of its intent to in-

dict appellant on the gun count. By pleading guilty to the original indictment, appellant thereby hoped to head off prosecution on the gun count. The government was not insisting on two chances to go after appellant; rather, appellant himself precipitated the two proceedings by the strategy of suddenly tendering his plea to the conspiracy and possession counts. And, appellant's attempt to use double jeopardy as a sword involved an affirmative misrepresentation to the government by defense counsel. Under these circumstances, we do not believe that double jeopardy principles bar the superseding indictment.

Nevertheless, appellant at oral argument contended that the Supreme Court's recent decision in *Grady v. Corbin,* — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), compels us to rule in his favor on his double jeopardy claim. We do not agree. *Grady* does not even discuss the "sword exception" to double jeopardy, and we do not read the opinion as overruling it sub silentio. Furthermore, the Court in *Grady* specifically declined to decide whether its "double jeopardy analysis would be any different if affirmative misrepresentations" had occurred. Id. 110 S.Ct. at 2088 n. 4. Thus, we believe that the double jeopardy exception established by *Jeffers* and *Johnson* survives *Grady,* at least where there has been an affirmative misrepresentation.

## II. *Withdrawal of Guilty Pleas*

■ Appellant also argues that the district court abused its discretion in denying his motion to withdraw his guilty pleas, asserting that "serious questions exist" concerning the voluntariness of the pleas and his understanding of their consequences. We are not persuaded. Under Fed.R.Crim.P. 32(d), "the court may permit withdrawal of the plea [of guilty] upon a showing by the defendant of any fair and just reason." But a criminal defendant who seeks to withdraw a guilty plea bears "the burden of satisfying the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government." *United States v. Michaelson,* 552 F.2d 472, 475 (2d Cir.1977); see

also *United States v. Figueroa*, 757 F.2d 466, 475 (2d Cir.), cert. denied, 474 U.S. 840, 106 S.Ct. 122, 88 L.Ed.2d 100 (1985). The district court enjoys "large discretion" in determining whether a defendant has met this burden, *United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir.1977), and we will reverse a judge's determination on this point only if it is clearly erroneous. *Michaelson*, 552 F.2d at 475.

The district court here held a hearing, at which appellant testified, and made credibility findings against appellant that went to the heart of his motion, e.g., that his testimony about the threats that allegedly induced him to plead guilty was not believable, and that he failed to establish that his pleas resulted from coercion by his co-defendants. In light of these findings, and given the deferential standard of review, we cannot say that the district court abused its discretion in denying the motion to withdraw the pleas.

### Conclusion

For the reasons given above, the Double Jeopardy Clause was not violated, and the district court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas. We affirm the judgments of conviction.