## Richmond
JAMES M. WALKER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0415-91-2

Decided March 24, 1992

COUNSEL

James F. Andrews (Lavenstein & Andrews, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—James M. Walker, Jr., appellant, appeals from his conviction of malicious wounding with intent to maim, disfigure, disable, or kill. On appeal, appellant asserts that, because the wounding provided the element of force or intimidation necessary to sustain a prior robbery conviction, his prosecution for malicious wounding was barred. For the reasons stated herein, we affirm the judgment of the trial court.

On March 25, 1990, appellant entered a convenience store, waited until another customer had left, then struck the lone cashier over the head with a bottle of wine. The cashier fell to the floor. When she looked up, appellant ordered her not to look at him. Then, frustrated by unsuccessful attempts to open the cash register, appellant picked it up and carried it from the store.

On May 15, 1990, appellant was indicted for robbery and malicious wounding. On July 16, 1990, appellant moved both to quash the malicious wounding indictment, claiming that any prosecution for both counts was barred by the double jeopardy clause, and pleaded guilty to the robbery charge. He was sentenced on the robbery charge on September 11, 1990. On October 23, 1990, the trial court denied his motion to quash the malicious wounding indictment, and his conviction of malicious wounding followed on January 9, 1991.

Appellant's strategy in this case was to plead guilty to the robbery charge at the same time that he moved to quash the malicious wounding charge on the ground that "said offense is a lesser offense included within the robbery charge against him . . . and that conviction thereon would violate the double jeopardy clause." Appellant now asserts that the proceeding in which he pleaded guilty to robbery and the proceeding in which he was convicted of malicious wounding constituted successive prosecutions for the purposes of *Grady v. Corbin*, 495 U.S. 508 (1990). The trial court agreed with appellant that the prosecutions were successive, but found that they were not barred by the double jeopardy clause.

The two indictments before us were handed down by the same grand jury on the same day and the two indictments arose out of the same incident. Under these circumstances, we find that the trial court erred in holding that these two proceedings constituted successive prosecutions. Consequently, *Grady* is not applicable. To hold otherwise would sanction the use by this and other defendants of the double jeopardy clause as a sword. *See United States v. Quinones*, 906 F.2d 924 (2d Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991).

In *Quinones*, the second circuit held that, when a defendant pleads guilty to one charge in order that he might later invoke the double jeopardy clause to "head off prosecution" on a second charge, the defendant has impermissibly used the double jeopardy clause as a sword. *Id.* at 928. The circumstances in *Quinones* are analogous to those of this case. In *Quinones*, the defendant insisted "on a right to plead guilty to conspiracy and possession counts in the face of government objection and government notice of its intent to indict [defendant] on [a] gun count." *Id.* In so pleading, defendant "hoped to head off prosecution on the gun count." *Id.*

As in *Quinones*, appellant and not the prosecution caused two proceedings when, on the same day, he both moved to quash the indictment for malicious wounding and pleaded guilty to the robbery charge. "The government was not insisting on two chances to go after [appellant]; rather, [appellant] himself precipitated the two proceedings by the strategy of suddenly tendering his plea." *Id.* As a result, appellant's strategy neither transformed the single prosecution into two separate prosecutions nor captured for himself any special protections against successive prosecutions under

the double jeopardy clause.

■ The double jeopardy clause of the United States Constitution also protects defendants against multiple punishments for the same offense. *See id.* Because we do not treat the two proceedings at issue in this case as successive prosecutions, the prohibition against successive prosecutions for the same offense contained in the double jeopardy clause is inapplicable. Instead, our focus is on appellant's claim as it was originally drafted, at a time when he was faced with a single prosecution on the two charges. *See Fitzgerald v. Commonwealth*, 11 Va. App. 625, 627, 401 S.E.2d 208, 210 (1991) (holding that, where "defendant's convictions occurred in a single trial, only the guarantee against multiple punishments for the same offense is applicable"), *aff'd*, 13 Va. App. 281, 411 S.E.2d 228 (1991).

■ The reasoning of the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932), is applicable in resolving this issue. Under *Blockburger*, offenses are the same if one offense is a lesser included offense of the other. An offense is not a lesser included offense of another if each offense contains an element that the other does not. In this case, the issue is whether malicious wounding is a lesser included offense of robbery.

■ "The distinctive elements of robbery are (1) the use of violence, or the threat thereof, against the victim, and (2) the theft of property from his person or in his presence." *Briley v. Commonwealth*, 221 Va. 532, 543, 273 S.E.2d 48, 55 (1980), *cert. denied*, 451 U.S. 1031 (1981); Code § 18.2-58. With respect to malicious wounding, a person is guilty of that crime if he "wound[s] any person or by any means cause[s] him bodily injury, with the intent to maim, disfigure, disable, or kill." Code § 18.2-51. The crime of robbery includes the element of theft of property from the victim, an element not present in the crime of malicious wounding. The crime of malicious wounding includes the element of wounding with the intent to maim, disfigure, disable or kill, an element not present in the crime of robbery. Robbery and malicious wounding, therefore, are not the "same offense" within the meaning of *Blockburger*.

Because we find that appellant's prosecution for malicious

wounding was not barred by his prior conviction for robbery, his conviction of malicious wounding is affirmed.

*Affirmed.*

Koontz, C.J., and Bray, J., concurred.