108 F.3d 330
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Sonia MEJIA, Defendant-Appellant.
 No. 96-1469.
 United States Court of Appeals, Second Circuit.
 Feb. 27, 1997.
 
 1
 APPEARING FOR APPELLANT: Vida Alvie, New York, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Stephen C. King, Asst. U.S. Atty., Brooklyn, N.Y.
 
 
 3
 Present: NEWMAN, Chief Judge, KEARSE, FRIEDMAN,* Circuit Judges.
 
 
 4
 Sonia Mejia appeals from the June 10, 1996, judgment of the District Court convicting her after her plea of guilty to conspiring to structure currency transactions in violation of 18 U.S.C. § 371. Mejia contends that Judge Trager's June 27, 1996, order denying her application to withdraw her guilty plea was an abuse of discretion.
 
 
 5
 Mejia was initially indicted on one count of structuring currency transactions for the purpose of evading reporting requirements and one count of conspiracy to structure currency transactions. She was offered a chance to plead guilty to the conspiracy count in return for dismissal of the substantive charge and the Government's promise not to file a superseding indictment adding a more serious charge of money-laundering. After Mejia learned that her adult daughter had been subpoenaed to give handwriting exemplars in connection with the structuring transactions, Mejia accepted the plea agreement.
 
 
 6
 At the plea allocution, Mejia admitted under oath that she had directed employees in two stores to structure the financial transactions. Judge Trager accepted the plea.
 
 
 7
 A few days before the sentencing date, Mejia submitted a pro se letter asking to withdraw her guilty plea. In substance, her letter alleged that she had been forced to plead guilty because the Assistant United States Attorney had interfered with the processing of her daughter's application for naturalization and because her daughter had been subpoenaed.
 
 
 8
 After initially granting the defendant's motion, Judge Trager heard argument and reviewed letters submitted by both sides concerning Mejia's grounds for withdrawing the plea and the prejudice to the Government. On reconsideration of the motion, Judge Trager denied the motion and reinstated the plea, reasoning that the Government would be prejudiced by the withdrawal and that the plea was not involuntary.
 
 
 9
 Rule 32(e) of the Federal Rules of Criminal Procedure permits a district court to allow a defendant to withdraw a guilty plea prior to sentencing if the defendant demonstrates "any fair and just reason." Fed.R.Crim.P. 32(e); e.g., United States v. Gonzalez, 970 F.2d 1095, 1099-1100 (2d Cir.1992). The defendant's burden is to "satisfy[ ] the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government." Gonzalez at 1100 (citing United States v. Quinones, 906 F.2d 924 (2d Cir.1990)) (internal quotation marks omitted). The denial of a motion to withdraw a guilty plea is subject to a deferential standard of review--findings of fact are reviewed for clear error, and the determination whether the facts are "fair and just reasons" is reviewed for abuse of discretion. Id. (citing United States v. O'Hara, 960 F.2d 11, 13-14 (2d Cir.1992)).
 
 
 10
 Even if an actual threat to prosecute a third person is made and probable cause for such prosecution is lacking, such a threat would only be one of many factors in the determination of whether a plea is voluntary. United States v. Marquez, 909 F.2d 738, 742 (2d Cir.1990).
 
 
 11
 In this case, Judge Trager found that even if Mejia was truly concerned about her daughter's merely being subpoenaed, the plea would not thereby be rendered involuntary. In addition, he found that the intervening deportation of one of the principal witnesses had prejudiced the Government's case. Judge Trager's decision was supported by ample evidence and was not an abuse of discretion. The Government had ample grounds to subpoena the defendant's daughter. The defendant's assertion that the Government interfered with the daughter's naturalization was unsubstantiated.
 
 
 12
 Because Judge Trager determined that Mejia did not demonstrate sufficient grounds for the withdrawal of her plea, it was unnecessary for the Government to show any prejudice at all. Judge Trager was nonetheless justified in considering the Government's claim of prejudice before making his final decision, and he did not abuse his discretion in doing so. See United States v. Saft, 558 F.2d 1073, 1082 (2d Cir.1977); United States v. Vega, 11 F.3d 309, 313 (2d Cir.1993).
 
 
 13
 Accordingly, the judgment is affirmed.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation