COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


STEVENSON LEE SHIFFLETT

                                        MEMORANDUM OPINION* BY
v.  Record No. 0645-97-2           JUDGE JAMES W. BENTON, JR.
                                             MAY 5, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                         Jay T. Swett, Judge

            Edward H. Childress for appellant.

            Leah A. Darron, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.



        A jury convicted Stevenson Lee Shifflett of malicious

wounding in violation of Code § 18.2-51.  He contends on this

appeal that his statutory and constitutional rights to a speedy

trial were violated because he was not tried within five months

of the preliminary hearing on the charge of assault and battery

of a household member in violation of Code § 18.2-57.2.  For the

reasons that follow, we affirm the conviction.

                               I.

        The evidence in the record and the statement of facts prove

that Shifflett was arrested June 27, 1996, on the charge of

felony assault and battery, as a third offense, for an incident

that occurred on May 28, 1996.  See Code § 18.2-57.2.

Shifflett's application for bail was denied.  At a preliminary

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

hearing on July 12, 1996, a judge of the Charlottesville Juvenile and Domestic Relations District Court certified the charge.

Because of an administrative error, Shifflett was released from jail following the preliminary hearing. However, Shifflett was again arrested two days after his release on a new charge of felony assault and battery as a third or subsequent offense; he was charged with assaulting the same person during his release that he was charged with assaulting on May 28. Shifflett's application for bail was again denied.

On August 19, 1996, a grand jury indicted Shifflett on a charge of malicious wounding in violation of Code § 18.2-51 for conduct occurring on May 28, 1996. The same grand jury also indicted him on two charges of felony assault and battery, as third or subsequent offenses, in violation of Code § 18.2-57.2, for conduct occurring on May 28, 1996, and July 14, 1996. Prior to trial, an order of nolle prosequi was entered on the indictment charging felony assault and battery for conduct on July 14, 1996. Claiming a violation of his right to a speedy trial under Code § 19.2-243, Shifflett filed a written pretrial motion on December 16, 1996, to dismiss the malicious wounding charge and made an oral motion at the hearing to dismiss the remaining felony assault charge. The circuit judge denied the motions.

On January 3, 1997, Shifflett was tried by a jury on the charges of malicious wounding and felony assault and battery, as

a third offense.  By agreement of counsel, the indictment alleging assault and battery as a third offense was submitted to the jury as a lesser and included offense of the malicious wounding offense.  The jury convicted Shifflett of malicious wounding and fixed his sentence at ten years in prison.  The trial judge dismissed the felony assault and battery charge "as being encompassed within the malicious wounding charge that [Shifflett] was found guilty of by the jury."  The trial judge later suspended one year and six months of the ten-year sentence.

II.

An accused, who is held "continuously in custody" must be brought to trial within five months from the date of his preliminary hearing or, if there was no preliminary hearing, within five months from the date of indictment.  Code § 19.2-243.

Shifflett's pretrial motion to dismiss the charge of malicious wounding because of a violation of Code § 19.2-243 was not well founded.  The evidence proved that the grand jury issued its indictment August 19, 1996.  Shifflett was tried on January 3, 1997, which was within five months of the date the indictment was issued by the grand jury.

Shifflett orally moved to bar his trial on the felony assault and battery charges on the ground that his speedy trial rights were violated.  Although the record does not contain the specifics of that motion, the trial judge's order "denie[d] this motion on statutory and constitutional grounds."  However, to the

extent that Shifflett now alleges error from the trial judge's failure to dismiss the felony assault and battery charge, that issue is now moot because no conviction was had on that charge. The jury only convicted Shifflett of malicious wounding.

Contrary to Shifflett's suggestion, we cannot say from this record that the Commonwealth sought the indictment on the malicious wounding charge to avoid Shifflett's claim of a speedy trial violation on the assault charge. The malicious wounding indictment was obtained a month after the preliminary hearing on the assault and battery charge. Ample time remained to try the charges within the statutory range.

Moreover, although both charges were tried together, the offenses are not necessarily lesser-included offenses of each other. See Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992) (noting that "[a]n offense is not a lesser included offense of another if each offense contains an element that the other does not"). To the extent that the charges require proof of different elements, they are not essentially the same. The decision that was made at trial to charge the jury that the assault charge was a lesser-included offense of the malicious wounding offense was the result of an agreement between Shifflett's counsel and the Commonwealth's attorney. Accordingly, we do not view that action as an implicit ruling by the trial judge that the charges were the same offense.

For these reasons, we affirm the judgment.

- 4 -

<u>Affirmed</u>.