COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


THOMAS K. PLOFCHAN, JR.

                                          MEMORANDUM OPINION[*] BY
v.       Record No. 1342-05-4            JUDGE JOHANNA L. FITZPATRICK
                                               MAY 8, 2007

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        Alfred D. Swersky, Judge Designate

            Thomas K. Plofchan, Jr., *pro se*.

            Richard B. Smith, Special Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Thomas K. Plofchan, Jr. was charged with violating Code § 46.2-878.  Following a bench

trial, the trial court convicted him of speeding in violation of Code § 46.2-870.  On appeal he

contends the trial court erred when it failed to grant his motion to strike because there "can be no

lesser included offenses of a traffic violation."  For the reasons that follow, we affirm the trial

court's decision.

                                    BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that on September 22, 2004, Deputy Brian Kleptach was monitoring west-bound traffic on a public highway.  The posted speed limit on that portion of the highway was fifty miles per hour, although elsewhere on the same road the posted speed limit was fifty-five miles per hour.  Kleptach recorded Plofchan's speed at sixty-seven miles per hour and initiated a traffic stop.  He issued Plofchan a summons charging him with a violation of Code § 46.2-878.

Code § 46.2-878 allows for the decrease of speed limits set forth in Code § 46.2-870. The statute further provides, in pertinent part, that

> It shall be unlawful to operate any motor vehicle in excess of speed limits established and posted as provided in this section.  The increased or decreased speed limits over highways under the control of the Commonwealth Transportation Commissioner shall be effective only when prescribed in writing by the Transportation Commissioner and kept on file in the Central Office of the Department of Transportation.  Whenever the speed limit on any highway has been increased or decreased or a differential speed limit has been established and such speed limit is properly posted, there shall be a rebuttable presumption that the change in speed was properly established in accordance with the provisions of this section.

Code § 46.2-870 establishes fifty-five miles per hour as the maximum speed limit on highways subject to several outlined exceptions.

At trial, Plofchan argued the Commonwealth failed to prove that the decreased speed limit had been properly posted.  The trial court agreed and found Plofchan guilty of violating Code § 46.2-870 by exceeding the statutory maximum speed limit, concluding Code § 46.2-870 was a lesser-included charge of Code § 46.2-878.

ANAYLSIS

Plofchan contends that "traffic infractions are not offenses . . . and [thus] cannot be lesser included of one another."  A traffic infraction, while not "criminal in nature," Code § 18.2-8, is "a violation of law punishable as provided in § 46.2-113, which is neither a felony nor a

misdemeanor," Code § 46.2-100.  As such, traffic infractions are "punishable by a fine of not more than that provided for a Class 4 misdemeanor under § 18.2-11."  Code § 46.2-113.  Additionally, under Code § 46.2-937, "[f]or purposes of arrest, traffic infractions shall be treated as misdemeanors."  Thus, for certain purposes, traffic infractions are treated like criminal offenses and other charges and nothing precludes one being a lesser-included offense of another.

Plofchan also asserts that for an offense to be lesser included of another, "it must be of 'lesser' magnitude of the other."  However, "[w]hether one offense is a lesser included offense of the other depends upon whether the elements of the greater offense necessarily include all elements of the lesser."  Fontaine v. Commonwealth, 25 Va. App. 156, 164, 487 S.E.2d 241, 245 (1997).  "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense."  Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).  "An offense is not a lesser included offense of another if each offense contains an element that the other does not."  Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992).

Contrary to Plofchan's assertion, there is no requirement that a lesser-included offense be of a lower grade or carry a different potential penalty than the greater offense.  In Gnadt v. Commonwealth, 27 Va. App. 148, 497 S.E.2d 887 (1998), this Court held that simple assault and battery is a lesser-included offense of sexual battery, both Class one misdemeanors under Code §§ 18.2-57 and 18.2-67.4(B), respectively.  An offense is "lesser" if its elements are also elements of the "greater" offense.  The potential punishment accorded each offense is immaterial to the determination of whether one offense is a lesser-included offense of another.

For the foregoing reasons, we find no error and affirm the trial court's decision.

Affirmed.