**UNITED STATES of America,**
**Appellee,**

v.

**Gonzalo Antonio MORENO–DIAZ,**
**Defendant–Appellant.**

**Nos. 06–2442–cr(L), 06–2471–cr(Con).**

United States Court of Appeals,
Second Circuit.

Dec. 14, 2007.

Kevin R. Puvalowski, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, Diane Gujarati, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Jeremiah Donovan, Old Saybrook, CT, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, and Hon. CHARLES S. HAIGHT, Jr., District Judge.[1]

## SUMMARY ORDER

Defendant Gonzalo Antonio Moreno–Diaz appeals from a judgment entered on May 10, 2006 in the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge* ) convicting him, after a plea of guilty, of conspiring to import one kilogram and more of heroin into the United States, in violation of 21 U.S.C. §§ 960(b)(1)(A), 963, under two indictments.[2] The District Court sentenced Moreno–Diaz to 121 months' incarceration for each indictment and ordered that the two sentences run concurrently. Moreno–Diaz claims, and the prosecution assumes for the purposes of this appeal, that Moreno–Diaz was convicted in Colombia based on the same conduct that underlies his United States convictions and was sentenced there to thirty years' incarceration. The parties' familiarity with the balance of the facts and procedural history of this case is assumed.

Moreno–Diaz contends that his convictions in the United States cannot stand as they violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, in view of his prosecution by the government of Colombia. Moreno–Diaz did not raise a double jeopardy defense before the District Court. On appeal, he argues that he has not waived his right to raise a claim of double jeopardy. He further contends that his double jeopardy defense is not barred by the dual

sovereignty doctrine. Moreno–Diaz asks this court to reverse the District Court's convictions, or, in the alternative, to remand his case for factual findings on the merits of his double jeopardy defense.

■ "Generally, the rights afforded by the Double Jeopardy Clause are personal and can be waived by a defendant." *United States v. Kurti,* 427 F.3d 159, 162 (2d Cir.2005) (quoting *United States v. Mortimer,* 52 F.3d 429, 435 (2d Cir.1995), *cert. denied,* 516 U.S. 877, 116 S.Ct. 208, 133 L.Ed.2d 141 (1995)). Where "a defendant has validly entered a guilty plea, he essentially has admitted he committed the crime charged against him, and this fact results in a waiver of double jeopardy claims." *Id.* at 162. However, the Supreme Court has established an exception to this rule: A guilty plea does not waive a subsequent double jeopardy claim where "judged on its face—the charge is one which the [second prosecuting party] may not constitutionally prosecute." *Menna v. New York,* 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam); *see also United States v. Sykes,* 697 F.2d 87, 89 (2d Cir.1983) (citing *Menna* for the proposition that a "double jeopardy claim may be asserted on appeal notwithstanding the plea of guilty"); *United States v. Quinones,* 906 F.2d 924, 927–29 (2d Cir.1990).

We have considered Moreno–Diaz's argument that he did not waive his double jeopardy claim and find it to be without merit. Moreno–Diaz's guilty plea constitutes a waiver of his double jeopardy claim because neither of his U.S. indictments was barred by double jeopardy "on its face." *Menna,* 423 U.S. at 62 n. 2, 96 S.Ct. 241. Moreno–Diaz's claim is barred by the dual sovereignty doctrine, which allows two separate sovereigns to prosecute a defendant who violates the laws of both

2. Moreno–Diaz was charged with one indictment in the Southern District of New York and a second indictment in the Southern District of Florida. The indictment in the Southern District of Florida was transferred to the Southern District of New York pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

sovereigns in a single act. *See Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *United States v. Arena,* 180 F.3d 380, 399 (2d Cir.1999).

Moreno–Diaz argues that his case merits an exception to the dual sovereign doctrine under *Bartkus v. Illinois,* 359 U.S. 121, 123–24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). That exception provides that "[t]he Double Jeopardy Clause may be violated despite single prosecutions by separate sovereigns when one prosecuting sovereign can be said to be acting as a tool of the other." *United States v. All Assets of G.P.S. Automotive Corp.,* 66 F.3d 483, 494 (2d Cir.1995) (internal quotation marks omitted). We have held that the *Bartkus* exception applies "only in an extraordinary type of case." *Id.* at 495 (internal quotation marks omitted).

On appeal, Moreno–Diaz argues for the first time that his case falls under the *Bartkus* exception because he "strongly believes that his prosecution in Colombia was a result of Colombian law enforcement acting at the behest of United States federal investigators, and that the Colombian authorities acted as tools of the United States law enforcement." Ordinarily we would not consider such a contention if it was not raised before the District Court. Nevertheless, we find this argument to be without merit. The record contains no facts that would have entitled Moreno–Diaz to the *Bartkus* exception, even had the District Court been asked to consider his double jeopardy claim.

Accordingly, the indictments against Moreno–Diaz faced no double jeopardy obstacle "on [their] face" because the District Court had no indication, either from the record or from the defendant, that this case could fall under the *Bartkus* exception to the dual sovereignty principle. Therefore, Moreno–Diaz waived his double jeopardy defense by pleading guilty before the District Court, and there is no basis upon which to reverse the judgment of the District Court or to remand the case for factual determinations.

We have considered Moreno–Diaz's remaining arguments and consider them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.