# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Wesley Darren Walker

April 8, 2013

Case No. (Criminal) CR11-2715-02

BY JUDGE CHARLES E. POSTON

The Court has denied the Defendant's Motions To Estop the Commonwealth from Subsequent Prosecution or from Introducing Evidence Previously Adjudicated on the following grounds.

## *Facts*

For familiar reasons, the facts are viewed in the light most favorable to the Commonwealth, the non-moving party. Walker was indicted for First Degree Murder in violation of Virginia Code § 18.2-32, Use of a Firearm in the Commission of a Felony in violation of Virginia Code § 18.2-53.1, and Possession of a Firearm by a Nonviolent Convicted Felon in violation of Virginia Code § 18.2-308.2.

On June 16, 2011, Richard Harris died from a gunshot wound to his chest and abdomen. True bills of indictment were returned by the Grand Jury on August 17, 2011. The charges of Murder and Use of a Firearm in the Commission of a Felony were tried by a jury beginning October 24, 2012, and the Defendant was acquitted of these charges on October 26, 2012.

Relevant to this motion is the testimony of Mikayla Bunch and Wesley Walker. As a witness for the Commonwealth, Mikayla Bunch testified that the defendant brought a firearm to a confrontation with her boyfriend, Richard Harris, and shot him at close range. Walker testified that

Richard Harris brought the firearm to the confrontation and that he disarmed Harris and gained control of the firearm. According to his testimony, Harris was accidentally shot in the ensuing struggle when he attempted to regain possession of the firearm from Walker.

Walker now asserts that continued prosecution would result in Double Jeopardy under the Fifth and Fourteenth Amendments to the Constitution of the United States and that the Commonwealth is collaterally estopped from prosecuting him. Alternatively, the defendant seeks "to limit the Commonwealth's evidence by excluding evidence which was previously adjudicated" in his favor during the previous prosecution.

## Procedural Posture

On February 8, 2013, Wesley Walker filed the instant motion, to which the Commonwealth filed no written response. Oral argument was heard on February 12, 2013, after which the Court took the motion under advisement.

## Discussion

### A. *Trial of the possession of a firearm by a non-violent felon charge is not considered a subsequent prosecution.*

The Grand Jury indicted the defendant for all of three charges simultaneously, and he moved to sever the possession charge for trial. In the seminal case on collateral estoppel, *Ashe v. Swenson*, 397 US. 436 (1970), the prosecutor indicted the defendant for additional robbery charges of a fourth victim after the first acquittal of three other robbery victims. The Court held in *Ashe* that the only issue in dispute in the subsequent prosecution was whether the defendant was one of the robbers, an issue that had already been determined by the jury at an earlier trial. Therefore, since the jury had already determined this issue in the defendant's favor, collateral estoppel made the continued prosecution unconstitutional. The Court further held that collateral estoppel prohibits "mounting successive prosecutions for offenses growing out of the same criminal episode, at least in the absence of a showing of unavoidable necessity for successive prosecutions in the particular case." *Ashe*, 397 U.S. at 460.

The case at bar does not reflect the same factual or legal scenario as the circumstances that led the *Ashe* Court to determine the second trial a subsequent prosecution. The principal difference between *Ashe* and the instant case is the timing of the initiation of the proceedings against the defendant. "Many circumstances may determine the time within which criminal charges are concluded. It is the time of institution which determines whether multiple charges are simultaneous or successive." *Slater v. Commonwealth*, 15 Va. App. 593, 596 (1993). In *Slater*, the Virginia Court of Appeals rejected Defendant's argument that double jeopardy barred the

adjudication of a charge in Circuit Court after the General District Court had found him guilty of a charge arising out of the same act of driving. The Court of Appeals held that, because the defendant was facing a simultaneous prosecution in different courts, no double jeopardy concerns existed. Here, Walker is not facing a subsequent or successive prosecution, but rather a simultaneous prosecution, resulting from his motion to sever. The time of institution is paramount in deciding this issue, and the time of institution of Walker's charges was the time of indictment.

Often multiple criminal charges are before the Court at different times. These types of scheduling or severance issues do not implicate double jeopardy concerns. In *Rea v. Commonwealth*, 14 Va. App. 940 (1992), the Court of Appeals of Virginia rejected the argument that "trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt . . . on one count . . . immediately raises a double jeopardy bar to continued prosecution on any remaining counts. Such circumstances do not constitute the type of 'multiple prosecution' prohibited by the double jeopardy clause." *Id*. at 945. Multiple adjudications stemming from the same indictment do not automatically trigger the double jeopardy bar.

In *Walker v. Commonwealth*, 14 Va. App. 203 (1992), the Court of Appeals of Virginia rejected the defendant's attempt to characterize the proceedings in a manner that would create a double jeopardy bar. The facts seem quite similar to the instant case:

> The two indictments before us were handed down by the same grand jury on the same day and the two indictments arose out of the same incident. Under these circumstances, we find that the trial court erred in holding that these two proceedings constituted successive prosecutions. . . . To hold otherwise would sanction the use by this and other defendants of the double jeopardy clause as a sword.

*Id*. at 205.

In the instant case, the Defendant is also attempting to utilize double jeopardy as a sword rather than a shield because *he* chose to sever the possession charge. Absent his motion, this charge would have been adjudicated with the other two. Therefore, adjudication of the charge at this time poses no double jeopardy concern.

*2. The first adjudication did not concern an ultimate fact decided in the defendant's favor that is an essential element of the previously adjudicated offense.*

Collateral estoppel, a doctrine embodied in the Fifth Amendment's protection against double jeopardy, is applicable to the states through the Fourteenth Amendment to the United States Constitution and functions to estop "a state's relitigation of facts that have been decided in the defendant's favor in the prior trial even though the second prosecution is not barred." *Simon v. Commonwealth*, 220 Va. 412, 416 (1979). Walker argues that the Court should preclude introduction of Mikayla Bunch's testimony at the second adjudication, because he asserts that the jury found her non-credible by acquitting him of the charges at the first adjudication. It was not essential to Walker's acquittal that the jury found Bunch's entire testimony non-credible. The acquittal was not necessarily based on which individual brought the firearm to the altercation.

In the first adjudication, the Court acquitted Defendant of First Degree Murder and the Use of a Firearm in the Commission of a Felony. The third charge is Possession of a Firearm by a Non-Violent Felon. The Use of a Firearm in the Commission of a Felony in violation of Virginia Code § 18.2-53.1 requires proof that "any person . . . use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder. . . ." The possession charge requires proof that a person who has previously been convicted of a felony has "knowingly and intentionally possess[ed] or transport[ed] any firearm. . . ." Virginia Code § 18.2-308.2.

Since a general verdict was issued at the first adjudication, it is not possible to know why the jury acquitted him of Use of a Firearm in the Commission of a Felony. Many issues of fact were in dispute at this first trial, including which individual brought the gun to the encounter. The jury could have believed that Defendant brought the gun to the encounter and also that his later use of the firearm was justified in self-defense. The jury could also have believed Defendant's testimony in the entirety: that the victim brought the gun to the encounter and the Defendant was justified in self-defense. It was not essential to the jury's acquittal that the defendant never unlawfully possessed the gun. Collateral estoppel rests upon an absolute degree of certainty that the Court can discern the jury's thinking when reading its verdict. In *Ashe*, the Court was able to assert with exactitude that the jury acquitted the defendant because the witnesses could not identify him as a robber; this was the single conceivable issue in dispute at the first trial. *Ashe*, 397 U.S. at 445. In this case, the defendant cannot meet this burden to show that the possession issue was decided in his favor in the previous adjudication.

## *Conclusion*

The adjudication of the Possession of a Firearm by a Non-violent Felon charge is not a subsequent prosecution, and, therefore, Walker's prosecution may proceed on April 3, 2013. All three charges arose out of the same indictment and were judicially severed in response to the defendant's motions. Double jeopardy and collateral estoppel function to stop the prosecution from filing similar charges after a defendant is acquitted but do not prevent the prosecution from pursuing charges filed in the same indictment but judicially severed for trial. Furthermore, the possession charge requires proof of facts not necessarily decided in Walker's favor in the previous adjudication. Therefore, the Commonwealth is not barred from introducing the same evidence relied on in the previous adjudications.