### Richmond

## LEWIS OLIVER STEVENS, s/k/a
## LOUIS OLIVER STEVENS

v.

## COMMONWEALTH OF VIRGINIA

No. 1598-90-2

Decided March 31, 1992

COUNSEL

John B. Boatwright, III, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Lewis Oliver Stevens (defendant) was convicted of conspiracy to commit murder and sentenced to ten years imprison-

ment, with five years suspended. On appeal, he contends that (1) the evidence was insufficient to support his conviction, and (2) his conviction was barred by the trial court's previous acceptance of his guilty pleas to other charges which arose from the same sequence of events. We disagree and affirm the conviction.

■ Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that it is plainly wrong or without evidence to support it. *Id.*

The record discloses that Wilbur Thomas (Thomas), while in a motel room, was contacted by Rodney Wyatt (Wyatt) to arrange a meeting between the two men. Wyatt, accompanied by defendant and two others, came to Thomas' room, entered, embraced Thomas and left the room. Thomas then walked toward the bathroom and defendant shot him eight times, causing severe injury. Defendant immediately fled in an automobile driven by Wyatt, but was soon apprehended by the police. The weapon used in the shooting was discovered inside the vehicle.

During questioning, defendant initially denied any involvement in the shooting, but, later, stated "all right, I shot him." Defendant explained that he and "at least one of the other co-defendants had gotten together and . . . were doing this" because Thomas had been "making threats or causing problems" for another co-defendant. Asked whether "everyone in the room was supposed to die," defendant responded that "these [people] is (sic) like a family. Doing something to one of them ain't doing nothing but making it worse for Rodney [Wyatt]."

Defendant was indicted for five felonies, each related to this same incident, by a single grand jury, on the same day, and all charges were consolidated for trial. At trial, defendant pled guilty to the malicious wounding and use of a firearm in the commission of malicious wounding, but not guilty to the remaining indictments, including the conspiracy charge subject of this appeal. The trial judge "accepted" these pleas and immediately proceeded with the trial.

Defendant first argues that the evidence was insufficient, as a matter of law, to establish that he conspired to commit murder. Specifically, he contends that the evidence failed to prove any agreement to commit an unlawful act.

A conspiracy is " 'an agreement between two or more persons by some concerted action to commit an offense.' " *Brown v. Commonwealth*, 3 Va. App. 101, 107, 348 S.E.2d 408, 411 (1986). The crime is "committed when the agreement to commit the offense is complete" and no overt act in furtherance of the underlying crime is necessary. *Johnson v. Commonwealth*, 8 Va. App. 34, 38, 377 S.E.2d 636, 638 (1989); *Falden v. Commonwealth*, 167 Va. 542, 544, 189 S.E. 326-27 (1937). Proof of an explicit agreement is not required and oftentimes the prosecution must rely only on circumstantial evidence to establish the conspiracy. *Stultz v. Commonwealth*, 6 Va. App. 439, 442-43, 369 S.E.2d 215, 217 (1988); *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982).

Defendant admitted that he acted in concert with others in accordance with a prior agreement. He acknowledged that they "got[] together" and planned the shooting "to help out" Wyatt and this is confirmed by the evidence. The four men arrived together at the motel room following Wyatt's initial contact with Thomas. Wyatt left the room and defendant then shot Thomas eight times. Defendant fled with the others in a vehicle driven by Wyatt, still in possession of the weapon used in the shooting.

Based upon our review of the record, we find ample evidence from which the trial court could conclude that defendant conspired to commit murder.

We next consider defendant's claim that he was successively prosecuted for the same offense in violation of the Double Jeopardy Clause of the United States Constitution.[1] He argues that the conspiracy prosecution was barred by the trial court's prior acceptance of his guilty pleas to malicious wounding and use of a firearm in the commission of malicious wounding.

The prohibition against double jeopardy "protects against multiple punishments for the same offense" and "against a second

---

[1] U.S. Const. amend. v.

prosecution for the same offense" following conviction or acquittal. *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 627, 401 S.E.2d 208, 210, *aff'd*, 13 Va. App. 281, 411 S.E.2d 228 (1991). The first of the two-part test to determine whether two offenses are the "same" for purposes of double jeopardy "is whether each . . . requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The offenses in issue are clearly not the same offense under the traditional *Blockburger* analysis. Malicious wounding consists of causing a person bodily injury with intent to maim, disfigure, disable or kill. Code § 18.2-51. Conspiracy to commit murder occurs when one person conspires with another to commit a willful, deliberate and premeditated killing. Code §§ 18.2-22, 18.2-32. Each of these offenses requires proof of a fact which the other does not. Malicious wounding requires proof of an actual injury, while conspiracy to commit murder requires proof of an agreement.

■ Defendant, therefore, must look to the second part of the test, enunciated in *Grady v. Corbin*, 495 U.S. 508 (1990), to support his contention that the crimes in issue constituted the "same offense." *Grady* bars a "subsequent prosecution" if the prosecution seeks to "establish an essential element" of the second crime by proving conduct that constituted an offense for which an accused was previously prosecuted. *Id.* at 510. This conduct-based test, however, is applicable only to "successive prosecutions." *Id.* at 516-19; *see also Martin v. Commonwealth*, 242 Va. 1, 5, 406 S.E.2d 15, 16-17, *cert. denied*, 112 S. Ct. 388 (1991); *Low v. Commonwealth*, 11 Va. App. 48, 51, 396 S.E.2d 383, 385 (1990). The instant case does not involve "successive prosecutions," but, rather, multiple convictions at a single trial.

■ The Commonwealth simultaneously initiated and pursued the prosecution of all charges against defendant. During joint arraignments at the consolidated trial, defendant elected to plead guilty to two of the five indictments. These pleas were "accepted" by the court, but defendant was not actually found guilty by the court until the conclusion of trial on his not guilty pleas. The court then delayed further action on all cases to permit consideration of defendant's motion to strike the Commonwealth's evidence and the preparation of a presentence report, issues which were addressed by the trial court at a later hearing as a part of its joint final disposition of all the charges. Such circumstances clearly do

not constitute the "successive prosecution" contemplated in *Grady*. Any temporal differences in the dispositions of the several indictments resulted from procedural courses attributable to defendant, and he cannot now complain of any rights lost or compromised in that process. *Walker v. Commonwealth*, 14 Va. App. 203, 205, 415 S.E.2d 446, 447 (1992); *see United States v. Quinones*, 906 F.2d 924 (2d Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991); *Jeffers v. United States*, 432 U.S. 137 (1977).

Finally, defendant's contention that Code § 18.2-23.1 bars his conviction is also without merit. Code § 18.2-23.1 bars a subsequent conviction for conspiracy only if the underlying offense is the *same* "completed substantive offense" for which a defendant was previously convicted. *See Bowman v. Commonwealth*, 11 Va. App. 259, 264, 397 S.E.2d 886, 889 (1990). In this instance, defendant conspired to commit murder, and his other convictions were malicious wounding and use of a firearm in that offense, clearly not underlying offenses. For the foregoing reasons, the decision of the trial court is affirmed.

*Affirmed.*

Benton, J., and Willis, J., concurred.