COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued by teleconference


GREELEY MILBURN BALL, JR.

MEMORANDUM OPINION[*] BY
v.          Record No. 1538-96-3          JUDGE SAM W. COLEMAN III
                                    JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Charles H. Smith, Jr., Judge

Peter Curcio (Bressler, Curcio & Stout, on
brief), for appellant.

Ruth Ann Morken, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Greeley Milburn Ball, Jr. was convicted by a jury of

robbery, conspiracy to commit robbery, and use of a firearm in

the commission of robbery.  On appeal, he contends that:  (1) the

evidence was insufficient to support the convictions, and (2) the

trial court erred by imposing a sentence that was grossly

disproportionate to that of a codefendant.  We hold that the

evidence was sufficient to convict appellant of the offenses and

that Rule 5A:12 bars our consideration of appellant's

disproportionate sentencing claim.  Accordingly, we affirm the

convictions.

### I.  SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appeal, we view the evidence "in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The jury's verdict will not be disturbed unless it is "plainly wrong or without evidence to support it." Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993).

Viewed accordingly, the evidence is sufficient to prove beyond a reasonable doubt that appellant conspired with Joseph Hobbs to commit robbery, that he aided and abetted Hobbs in the robbery, and that, by acting in concert with Hobbs, he is guilty of using a firearm in committing robbery. The evidence proved that appellant rapidly drove Joseph Hobbs in Hobbs' station wagon across the parking lot of the B & W Tobacco Store. Rather than parking in one of B & W's designated parking places in front of the store, appellant parked behind the store out of open view. Hobbs exited the car, went in the B & W store and robbed the store clerk at gunpoint while appellant remained in the car.

When Hobbs returned, appellant sped out of the parking lot and drove with Hobbs to the home of Hobbs' daughter, Marlena. Marlena testified that she observed appellant and Hobbs divide a large pile of money while listening to a police scanner after they came to her home. Hobbs left Marlena's house for about twenty minutes during which time appellant made no attempt to leave or place a phone call. Marlena then drove appellant and

Hobbs to appellant's trailer.  During the drive, appellant told Hobbs to ride in the back seat because reports on the police scanner stated that some witnesses had identified Hobbs but had not seen appellant.  Appellant also discussed how he and Hobbs could alter their appearance in order to avoid detection.

Several weeks after the robbery, appellant surrendered to Washington County Police Investigator Bobby Arnold.  In a written statement to Investigator Arnold, appellant admitted that he drove Hobbs to and from the tobacco store.  He claimed, however, that he was unaware that Hobbs intended to rob the clerk at the store.  He said that Hobbs coerced him at gunpoint into assisting with the robbery.  He further stated that he was forced to accompany Hobbs to South Carolina where he was able to escape several days later.

## A.  Robbery

The evidence is sufficient to sustain appellant's conviction for robbery as a principal in the second degree.  "A principal in the second degree is one who is not only present at a crime's commission, but one who also commits some overt act, such as inciting, encouraging, advising, or assisting in the commission of the crime or shares the perpetrator's criminal intent." Moehring v. Commonwealth, 223 Va. 564, 567, 290 S.E.2d 891, 892 (1982).  A principal in the second degree "may be indicted, tried and convicted, and punished in all respects as if a principal in the first degree."  Code § 18.2-18.  "In order for a person to be

a principal in the second degree to a felony, the individual must 'know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime.'" Jones v. Commonwealth, 15 Va. App. 384, 387, 424 S.E.2d 563, 565 (1992) (quoting McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980)).

The evidence proves that appellant drove Hobbs' car and parked it behind the B & W Tobacco Store where the car and its occupants would be obscured from public view. As soon as Hobbs returned to the car, the appellant sped away. The manner in which appellant drove the car and where he parked it warrant the inference that he was aware of Hobbs' intention to rob the clerk at the store and that he did so to facilitate an escape after the robbery.

After the robbery, Hobbs and appellant divided the stolen money. Appellant discussed how they could disguise themselves to avoid detection. Furthermore, they fled to South Carolina. Although appellant claims that Hobbs forced him to participate against his will and forced him to flee to South Carolina, the jury could disregard this claim, particularly in view of the fact that appellant made no attempt to escape or to call the police when Hobbs had left him alone at Marlena's house.

On these facts, the jury could have reasonably concluded that appellant drove the getaway car and thereby acted as a principal in the second degree to assist Hobbs in the robbery.

The jury was free to disbelieve any or all of appellant's statement to Investigator Arnold, including the claim that he was unaware that Hobbs intended to rob the store clerk and that Hobbs coerced him into assisting with the robbery. See Pugilese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) ("[T]he fact finder is not required to believe all aspects of a defendant's statement or testimony; the . . . jury may reject that which it finds implausible, but accept other parts which it finds to be believable."). Thus, the evidence is sufficient to sustain appellant's conviction for robbery.

### B. Conspiracy to Commit Robbery

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1992)). Proof of the existence of an agreement is an essential element to establish the crime of conspiracy. See Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991); see also Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) ("In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.") (citation omitted). Thus, the Commonwealth must prove beyond a reasonable doubt that an

agreement to rob existed.  See Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978).  However, proof of an explicit agreement is not required, and the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy.  See Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992).

Viewing the evidence in the light most favorable to the Commonwealth, the facts prove that appellant and Hobbs participated in a planned and calculated series of acts in which appellant delivered Hobbs to the scene of the crime, facilitated an expedient "getaway" after Hobbs committed the robbery, and devised a plan for them to flee Virginia without detection. Appellant's coordinated participation supports the finding that he and Hobbs were working in concert pursuant to an earlier plan or agreement to rob the store.  The fact that they divided the proceeds from the robbery further suggests that they agreed to rob the store and to share the proceeds.  From these facts, the jury could have reasonably concluded that appellant and Hobbs conspired to rob the store, share the proceeds, and flee the jurisdiction.  Thus, the evidence is sufficient to support the conviction for conspiracy to commit robbery.

### C.  Use of a Firearm in the Commission of Robbery

The evidence is sufficient to sustain appellant's conviction for use of a firearm in the commission of robbery as a principal in the second degree.  Code § 18.2-53.1 makes it unlawful for any

- 6 -

person to use a firearm in the commission of a robbery. Under the principle of vicarious responsibility, one who did not actually possess a firearm during the commission of a robbery may nonetheless be convicted under the statute as a principal in the second degree where he acted in concert with and shared the common purpose of an armed codefendant. See Carter v. Commonwealth, 232 Va. 122, 125-26, 348 S.E.2d 265, 267 (1986) (upholding conviction for use of firearm during robbery as principal in second degree where unarmed defendant accompanied by armed codefendant entered and robbed pharmacy); Cortner v. Commonwealth, 222 Va. 557, 563, 281 S.E.2d 908, 911-12 (1981) (unarmed defendant and three others robbed victim after armed codefendant shot victim; Court held defendant vicariously responsible as principal in second degree because defendant shared common purpose of armed assailant to rob victim); Blake v. Commonwealth, 15 Va. App. 706, 709, 427 S.E.2d 219, 221 (1993) (upholding conviction of unarmed defendant where codefendant jammed a gun in victim's ribs during robbery; Court held defendant vicariously responsible for use of firearm during robbery because codefendant "possessed and used the gun in furtherance of their joint resolve to commit robbery").

Appellant attempts to distinguish his case from Carter and Cortner. He argues that he may not be held vicariously responsible for using the firearm when he was not physically present when the clerk was robbed. We find his argument

unpersuasive. As noted, the evidence sufficiently proved that appellant conspired with Hobbs to rob the tobacco store and aided and abetted in committing the robbery. By aiding and abetting in the commission of a crime, a principal in the second degree is equally accountable for the acts of his confederate. Thus, the evidence proves that Hobbs possessed and used a firearm in furtherance of appellant's and Hobbs' common purpose to rob the tobacco store. Because appellant and Hobbs shared the common intent to rob the store,

> they shared the common intent to commit all of the elements of robbery, including the use of such force as would be expedient for the accomplishment of their purpose. An incidental probable consequence of such a shared intent was the use of a weapon, including a firearm if one should be at hand. In such circumstances, the law is well settled in Virginia that each co-actor is responsible for the acts of the others, and may not interpose his personal lack of intent as a defense.

Carter, 232 Va. at 126, 348 S.E.2d at 267-68. Thus, the evidence is sufficient to support appellant's conviction for use of a firearm in the commission of robbery.

### II. DISPROPORTIONATE SENTENCES - RULE 5A:12(c)

Appellant next contends that the trial court erred by imposing the jury's sentence which is grossly disproportionate to the sentence that Hobbs received as the principal in a separate trial for the same offenses. Appellant asks us to vacate or reduce his sentences. Appellant concedes that he did not raise this sentencing issue before the trial court or in his petition

for appeal.  He argues that Rule 5A:18 controls and he requests that we address the disparity in sentencing under the "ends of justice" exception to Rule 5A:18.

Appellant's contention is without merit.  Although Rule 5A:12(c) does state that "[t]he provisions of Rule 5A:18 shall apply to limit those questions which [this Court] will rule upon on appeal," it also states that "<u>[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals</u>."  Rule 5A:12(c) (emphasis added).  Rule 5A:12(c) does not contain an ends of justice exception.  Accordingly, we may not consider appellant's disproportionate sentencing claim because it was not raised in the petition for appeal and was not a question for which we granted review.  <u>See</u> <u>Cruz v. Commonwealth</u>, 12 Va. App. 664, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).

For the foregoing reasons, we affirm the convictions.

<u>Affirmed.</u>