COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges


CAROL DEVAN, A/K/A JOANN BROWN,
 A/K/A TRACY BROWN

                                    MEMORANDUM OPINION* BY
v.    Record No. 0878-00-2          JUDGE WILLIAM H. HODGES
                                         APRIL 3, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                   Oliver A. Pollard, Jr., Judge

            (Corine E.G. Bailey; Law Office of Paul C.
            Bland, on brief), for appellant.  Appellant
            submitting on brief.

            (Mark L. Earley, Attorney General; Susan M.
            Harris, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting on
            brief.


     Appellant was convicted of conspiracy to commit forgery, and

attempted grand larceny and forgery as a principal in the second

degree.  On appeal, she contends that the evidence was

insufficient to support the convictions.  Appellant argues that

the evidence failed to prove that she knew the check was

counterfeit or that the name on the check was forged.  Appellant

also argues that the evidence failed to prove that she was aware

that a codefendant would attempt to cash a counterfeit check.  We

disagree and affirm the convictions.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that Officer Elkins was conducting surveillance at a hotel and saw a car leave and drive to a bank. The female driver, later identified as Jan White, went inside the bank, and the male passenger, later identified as Sherman Robinson, stood outside the vehicle. Robinson looked inside the bank a few times and walked around the car. Appellant, a passenger, never left the car. The bank teller testified that on presentation of the check, she noticed that the address on the check was the same address that was on a previous counterfeit check. White became nervous and left the bank without any money. According to Elkins, White "took off quickly" and drove "in an erratic manner, and very quickly to the point of almost being reckless." Elkins watched the car and eventually stopped the car.

Appellant told Elkins that the car belonged to her uncle, but it was under her control. Elkins noticed a bulge in appellant's waistband in the front of her shorts. Elkins testified that the bulge "wasn't like a weapon shape" and its shape was similar to a square or octagon.

-

Because of a medical condition, appellant was handcuffed with her hands in front of her body. Robinson was handcuffed with his hands behind his body, and both were placed in Officer Simpson's marked police vehicle. Simpson testified that he had searched his vehicle before his shift and there was no contraband or trash in the car. Simpson also testified that no one had been in the back seat of the vehicle during his shift. After appellant and Robinson got out of Simpson's vehicle, Officer Young saw ten checks, torn in pieces, on the seat and floor near where appellant had been seated. Five checks were made out to Kim Westbrook, and five checks were made out to Robinson. The check White attempted to cash was made out to Kim Westbrook. Appellant told Detective Young that they were out of money and decided to write one more check. Appellant explained that "they were all going to split the money." Appellant also gave two false names to the authorities.

ANALYSIS

> A principal in the second degree is a person who is present, aiding and abetting, by helping some way in the commission of the crime. Presence or consent alone is not sufficient to constitute aiding and abetting. It must be shown that the defendant intended his words, gestures, signals or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it.

Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). "'[W]hether a person does in fact aid or abet another

-

in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence.'" Pugliese v. Commonwealth, 16 Va. App. 82, 93, 428 S.E.2d 16, 25 (1993) (citation omitted).

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (citation omitted). Proof of an explicit agreement is not required, and the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy. Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992). The crime is "committed when the agreement to commit the offense is complete . . . ." Johnson v. Commonwealth, 8 Va. App. 34, 38, 377 S.E.2d 636, 638 (1989).

The evidence established that appellant entered into a conspiracy to commit forgery and was a principal in the second degree to attempted larceny and forgery. Appellant told Young that she and her codefendants needed money for gas and food. Appellant also told Young that "they were all going to split the money." Appellant and her codefendants drove to the bank in appellant's car and the car left the bank at a high rate of speed. An officer saw a bulge in front of appellant's shorts, which did not appear to be a weapon, and placed her in the police vehicle with her hands cuffed in front of her. The police vehicle was clean and did not contain any torn paper. When appellant left the

-

police vehicle, pieces of ten counterfeit checks were found on the seat and floor near where she had been sitting. The payee on five of the checks was the same payee on the check that White had attempted to cash. Robinson was also in the police vehicle, but his hands had been cuffed behind him. Appellant was searched incident to her arrest, and nothing was found. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of the charged offenses.

<u>Affirmed</u>.

-