COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


ERIC LAMONT CAMERON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1033-08-2                      JUDGE ROSSIE D. ALSTON, JR.
                                                         SEPTEMBER 8, 2009
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                            Leslie M. Osborn, Judge

            Buddy A. Ward, Public Defender (Office of the Public Defender, on
            brief), for appellant.

            Erin M. Kulpa, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


      Eric Lamont Cameron (appellant) was convicted in a jury trial of conspiring to possess

with intent to distribute more than one-half ounce, but not more than five pounds of marijuana, in

violation of Code §§ 18.2-256[1] and 18.2-248.1(a)(2).[2]  On appeal, appellant raises three issues:

---

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Code § 18.2-256 provides:

            Any person who conspires to commit any offense defined in this
            article or in the Drug Control Act (§ 54.1-3400 et seq.) is
            punishable by imprisonment or fine or both which may not be less
            than the minimum punishment nor exceed the maximum
            punishment prescribed for the offense, the commission of which
            was the object of the conspiracy.

      [2] Code § 18.2-248.1 states in pertinent part that "it shall be unlawful for any person to
sell, give, distribute or possess with intent to sell, give or distribute marijuana," and "[a]ny
person who violates this section with respect to . . . [m]ore than one-half ounce but not more than
five pounds of marijuana is guilty of a Class 5 felony . . . ."

(1) whether the trial court erred by finding the evidence sufficient to establish that an agreement existed between appellant and another person to possess marijuana with the intent to distribute; (2) whether the trial court erred by instructing the jury on a charge of possessing marijuana with the intent to distribute, but by way of the jury verdict form, asking the jury to determine if appellant was guilty of conspiracy to possess marijuana with intent to distribute; and (3) whether the trial court erred by denying appellant's motion to set aside the jury's verdict.[3] For the reasons that follow, we affirm appellant's conviction.

## I. BACKGROUND

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal. "On appeal, we construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Zoretic v. Commonwealth, 13 Va. App. 241, 242, 409 S.E.2d 832, 833 (1991) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). Viewed by that standard, the evidence demonstrates that in February 2004, appellant began "fronting" Maurice Cousins marijuana. Under the terms of this arrangement, appellant gave Cousins marijuana (he "fronted" the contraband in advance of the sale), and after Cousins sold the marijuana, he repaid appellant from his profits. Appellant gave Cousins approximately one-quarter pound marijuana every other week. Cousins divided the marijuana into seven-gram quantities, which he sold for $25 a piece.

---

[3] This Court granted the appeal of a fourth issue: "Whether the Court should consider the above questions presented under the ends of justice exception if the Court determines that the issues were not sufficiently raised to the trial judge?" In his brief, appellant chose to address this question in the analyses of the other issues. We shall do the same.

On several occasions, Cousins saw a man named "Darrell" bring marijuana to the appellant, in quantities ranging from three pounds to twelve pounds. Brian Clinhans testified at trial that Darrel Smith supplied Clinhans twenty pounds of marijuana per month. Clinhans divided the twenty-pound quantity into one-pound quantities, which he sold for approximately $800 to $900.

Ramone Perkins purchased marijuana from Cousins for personal use. Additionally, appellant "fronted" powder cocaine to Perkins. Appellant instructed Perkins that he wanted to receive $40 for every gram Perkins sold to other buyers.

A grand jury indicted appellant for being a principal of a continuing criminal enterprise that sold or possessed with the intent to sell at least five kilograms of cocaine in violation of § 18.2-248(H)(2) and conspiracy to manufacture, sell, give, distribute, or possess with the intention to manufacture, sell, give, or distribute more than one-half ounce of marijuana in violation of §§ 18.2-256 and 18.2-248.1(a)(2).

A two-day jury trial took place March 29-30, 2007. The trial court admitted into evidence a number of items recovered during a police raid of a house in Halifax County. Testimony at trial indicated that the house was a "crack house"; both drug dealers and drug purchasers visited it regularly. Appellant frequented this house, and various pieces of mail addressed to appellant and bearing the Halifax County house's address were among the evidence admitted at trial. Bills and pay stubs bearing appellant's name were also found at the home and admitted into evidence. Plastic bags containing marijuana residue were also recovered during the police raid and admitted into evidence by the Commonwealth.

At the close of the Commonwealth's evidence, appellant moved to strike the continuing criminal enterprise charge. He renewed this motion at the close of the evidence. The trial court

overruled both of these motions.  Notably, appellant did not challenge the sufficiency of the evidence as to the charge of conspiracy to possess marijuana with the intent to distribute.

Subsequently, the trial court reviewed the proposed jury instructions with counsel outside the presence of the jury.  The trial court read Instruction 10 silently, then asked for responses from counsel: "[T]he defendant is charged with the crime of possession with intent to distribute more than one-half ounce, but less than five pounds of marijuana.  The Commonwealth must prove beyond a reasonable doubt.  Any problem with that one?"  Defense counsel responded, "That's correct.  No problem."

The trial court charged the jury as follows:

> The defendant is charged with the crime of possession with intent to distribute more than one-half ounce, but not more than five pounds of marijuana.  The Commonwealth must prove beyond a reasonable doubt that the defendant possessed more than one-half ounce, but not more than five pounds of marijuana with intent to distribute.

> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt that the defendant possessed more than one-half ounce, but not more than five pounds of marijuana with intent to distribute[,] then you shall find the defendant guilty, but you shall not fix the punishment until the verdict has been returned and further evidence has been heard by you.  If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the defendant distributed marijuana[,] then you shall find the defendant not guilty.

In closing argument, appellant maintained that the Commonwealth had not presented sufficient evidence to prove a conspiracy to distribute marijuana.[4]  In contrast, during closing

---

[4] Appellant's counsel argued:

> We got another charge here today, . . . [c]onspiracy to distribute or—it's conspiracy regarding the marijuana charge. Well, I don't—that's again for you to decide.  Basically, I don't believe any of those analyses that you have or any of the testimony that you got from the man from the laboratory indicates that there

argument the Commonwealth referenced the testimony of Cousins, and argued that conspiracy "simply consists of an agreement to distribute marijuana. Once the agreement is made[,] the crime is committed. . . . The Commonwealth has over proven that conspiracy charge."

Before the jury retired to deliberate, the trial judge informed the jury that they would be given two verdict forms to consider during their deliberations, one of which was for possession with the intent to distribute one-half ounce, but not more than five pounds of marijuana. The Commonwealth noted that the charge was for conspiracy to possess marijuana. The trial judge, without objection by the defendant, corrected the verdict form by amending the word "possession" to "conspiracy to possess" directly on the verdict form. After the correction, the verdict form read: "We the jury find the defendant guilty of conspiracy to possess with the intent to distribute more than one-half ounce but not more than five pounds of marijuana."

The jury found the defendant guilty of conspiracy to possess marijuana with intent to distribute.[5] Appellant moved to set aside the verdict as being contrary to the law and the evidence. He stated no other grounds for his motion, and the trial court overruled it. Appellant later moved to set aside the jury's verdict on the grounds that one of the witnesses committed

---

was anything more than trace amounts of marijuana that were found anywhere.

And with regard to any kind of conspiracy to do so, your memory is better than mine. I sure didn't hear anything from that standpoint. So as far as that's concerned, I didn't . . . even address that issue much because of the fact I heard nothing that really dealt with it. We were talking about this [continuing criminal enterprise charge] the whole time, and that's what this—basically the evidence was. And we had this other charge. Maybe [the Commonwealth] forgot about it. But ladies, and gentlemen, I'd venture to say that as far as that's concerned, that charge[,] we have no evidence on that at all.

[5] The jury found appellant not guilty of leading a continuing criminal enterprise.

perjury. He did not challenge the jury instructions or the sufficiency of the evidence as to the conspiracy charge. This appeal followed.

## II. ANALYSIS

Preliminarily, we will address appellant's second question, which relates to the erroneous jury instruction, because we find it to have the most merit, and to be somewhat determinative in our answer to his challenge of the sufficiency of the evidence. Then, we will address appellant's challenge to the sufficiency of the evidence. Finally, we will address his question relating to the trial court's denial of appellant's motion to set aside the verdict.

## A. THE JURY INSTRUCTION

Needless to say, the factual circumstances of this case are vexing. The Commonwealth concedes that the trial court erred by failing to provide the jury with instructions relating to the charge of which appellant was indicted and convicted. A proper jury instruction on conspiracy to possess marijuana with the intent to distribute would have stated in pertinent part:

> The Commonwealth must prove beyond a reasonable doubt each of the following elements . . .:
> (1) That the defendant entered into an agreement with one or more other persons; and
> (2) That the agreement was that they were to commit the crime of possessing marijuana with the intent to distribute; and
> (3) That both defendant and the other party to the agreement intended to commit the crime of possessing marijuana with the intent to distribute.

See Virginia Model Jury Instruction G14.100. However, the Commonwealth asserts that appellant is barred from challenging the instruction on appeal by Rule 5A:18. Pursuant to Rule 5A:18,

> [n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

- 6 -

> The laudatory purpose behind Rule 5A:18, . . . frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.

Brown v. Commonwealth, 8 Va. App. 126, 131, 280 S.E.2d 8, 10 (1989). Thus, the contemporaneous objection rule "'protect[s] the trial court from appeals based upon undisclosed grounds, . . . prevent[s] the setting of traps on appeal, . . . enable[s] the trial judge to rule intelligently, and . . . avoid[s] unnecessary reversals and mistrials.'" Jimenez v. Commonwealth, 241 Va. 244, 248-49, 402 S.E.2d 678, 680 (1991) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)).

Appellant does not dispute his failure to raise an objection to the jury instruction either at trial or during his post-trial motion to set aside the verdict. Rather, he asks that we address this issue because it falls within the "ends of justice" exception to Rule 5A:18.

"'The ends of justice exception is narrow and is to be used sparingly.'" Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (quoting Brown, 8 Va. App. at 132, 280 S.E.2d at 11). "In order to invoke the ends of justice exception, we must review the record to determine whether a miscarriage of justice has occurred." Redman, 25 Va. App. at 218, 487 S.E.2d at 271 (citing Johnson v. Commonwealth, 5 Va. App. 529, 532, 365 S.E.2d 237, 239 (1988)). "In order to avail oneself of the exception, [an appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). This Court has held that a miscarriage of justice has occurred when the record contains an error that is "clear, substantial, and material." Brown, 8 Va. App. at 132, 380 S.E.2d at 11.

"[T]he 'ends of justice' exception applies to permit review when a 'granted instruction omitted some essential elements of the offense' and 'no evidence was produced relating to those elements.'" Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 610 (2004) (quoting Jimenez, 241 Va. at 251, 402 S.E.2d at 681-82). Furthermore, "neither the Supreme Court of Virginia, nor this Court, has held that we must always apply the ends of justice exception in cases involving faulty jury instructions to which no objection was noted below— even where such faulty instructions improperly stated the elements of an offense." Id. (citing Phoung v. Commonwealth, 15 Va. App. 457, 464-65, 424 S.E.2d 712, 716 (1992) (refusing to consider, for the first time on appeal, defendant's contention that the trial court improperly instructed the jury on the elements of a burglary charge)).

The rules of law stated above are in obvious tension with the Court's duty to "see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982) (citing E. I. DuPont v. Snead's Adm'r, 124 Va. 177, 97 S.E. 812 (1919)). Correspondingly, it is the trial court's responsibility "'to instruct the jury on all principles of law applicable to the pleadings and the evidence.'" Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (quoting Taylor v. Commonwealth, 186 Va. 587, 592, 43 S.E.2d 906, 909 (1947)). Additionally, "a correct statement of the law applicable to the case, *when the law is stated*, . . . [is one of the] essentials of a fair trial." Id. (quoting Limbaugh v. Commonwealth, 149 Va. 383, 400, 140 S.E. 133, 138 (1927)) (emphasis added). In a criminal trial, if the elements of a crime are not defined by the jury instructions, the jury "cannot properly determine whether the Commonwealth has carried its burden," id., of proving "'every essential element of the offense beyond a reasonable doubt,'" id. (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)).

In this context, the record in this case does not support the application of the "ends of justice" exception to Rule 5A:18. Attaining the "ends of justice" requires the correction of the instruction, if the instruction allowed the jury to convict appellant without proof of an element of the crime of conspiracy to possess marijuana with the intent to distribute. See Campbell v. Commonwealth, 14 Va. App. 988, 994-95, 421 S.E.2d 652, 656 (1992). Appellant correctly argues that the trial court neglected to instruct the jury on one of the required elements of the offense: as a matter of law, what constituted a conspiracy. However, despite the trial court's failure to instruct the jury regarding the elements of conspiracy, argument was presented to the fact finder on this very issue, and more importantly, there was sufficient and competent evidence in the record that appellant participated in a conspiracy to possess drugs with the intent to distribute said drugs to bar the invocation of the "ends of justice" exception to Rule 5A:18.

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982)). "There can be no conspiracy without an agreement, and the Commonwealth must prove beyond a reasonable doubt that an agreement existed." Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978) (citations omitted). "Proof of an explicit agreement is not required and oftentimes the prosecution must rely only on circumstantial evidence to establish the conspiracy." Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992) (citing Stultz v. Commonwealth, 6 Va. App. 439, 442-43, 369 S.E.2d 215, 217 (1988); Wright, 224 Va. at 505, 297 S.E.2d at 713). "Liability as a conspirator is not dependent upon knowledge of the details and the scope of the conspiracy or the identity and role of each co-conspirator." Barber v. Commonwealth, 5 Va. App. 172, 179, 360 S.E.2d 888, 891 (1987).

In Virginia, the case law is fairly clear regarding the elements of the crime of possession with intent to distribute. "As a general rule a single buyer-seller relationship, standing alone, does not constitute a conspiracy [to distribute a controlled substance]." Zuniga, 7 Va. App. at 528, 375 S.E.2d at 385 (citing United States v. Walls, 582 F. Supp. 1266 (N.D. W. Va. 1984); Reed v. Commonwealth, 213 Va. 593, 594, 194 S.E.2d 746, 747 (1973)). However, "the fact finder may infer from the seller's knowledge that the drugs are being resold an agreement between the seller and buyer to supply drugs for distribution." Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (citing Zuniga, 7 Va. App. at 528-29, 375 S.E.2d at 385). Thus, if "the evidence demonstrates: (1) 'that the seller knows the buyer's intended illegal use,' and (2) 'that by the sale [the seller] intends to further, promote and cooperate in [the venture],' the existence of a conspiracy to distribute between a seller and a buyer, *inter se*, has been proved." Zuniga, 7 Va. App. at 529, 375 S.E.2d at 385.

The case law regarding the crime of possession with the intent to distribute is instructive in our analysis of whether the record contains evidence that appellant committed the crime of conspiracy to possess with the intent to distribute. The record shows that police recovered plastic bags containing marijuana residue from a residence where appellant received mail and that he frequented. Far more importantly, appellant received large quantities of marijuana, ranging from three pounds to twelve pounds, from a known marijuana supplier, i.e., Smith. Appellant separated these large deliveries into smaller quantities, which he gave to Cousins on credit. Appellant employed a similar method to supply Perkins with cocaine, and he specifically dictated the amount of money he wished to be reimbursed from the resale of the cocaine. From appellant's similar arrangement with Perkins, the jury reasonably could infer that appellant intended for Cousins to pay appellant from the profits of the marijuana sales. Waller v. Commonwealth, 27 Va. App. 71, 75, 497 S.E.2d 508, 510 (1998) (holding that the finder of fact

"may draw reasonable inferences from the evidence, and [the appellate court is] required to respect the [fact finder's] reasonable inferences on appeal" (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987))). Furthermore, the credit arrangement with Cousins allowed appellant to maintain a stake in the venture. See Zuniga, 7 Va. App. at 532, 375 S.E.2d at 387 (holding that a seller retains an interest in and maintains a continuing participation in the sale of drugs when he advances the drugs to a buyer on credit). At various times during their venture, either appellant or Cousins possessed marijuana, with the intent that it would eventually be sold to a third party. Because appellant supplied Cousins with marijuana on credit, knowing that Cousins would resell the drugs, the Commonwealth presented sufficient evidence of an agreement between and concert of action by the parties to prove conspiracy beyond a reasonable doubt. See, e.g., id.; Davis v. United States, 279 F.2d 576, 578 (4th Cir. 1960).

In the present case, it is clear that the trial court erred by omitting a jury instruction regarding the conspiracy element of the offense charged in the indictment. Because the erroneous instruction related to the elements of the crime charged, the error was also substantial. However, because there is uncontradicted evidence that appellant indeed participated in a conspiracy to possess marijuana with the intent to distribute, and the appellant presented his defense to this very charge to the jury, the effect on the outcome of the trial is not material. See Phoung, 15 Va. App. at 465-66, 424 S.E.2d at 717. Accordingly, although the factual circumstances forming the predicate for this issue are somewhat unusual, because appellant cannot show that a miscarriage of justice occurred, Rule 5A:18 bars this Court from considering the merits of appellant's argument on appeal.

## B. SUFFICIENCY OF THE EVIDENCE

Appellant also contends on appeal that the evidence was insufficient to prove that an agreement existed between appellant and another individual to possess marijuana with the intent

to distribute; however, because appellant failed to move to strike the evidence or to set aside the verdict on this ground,[6] Rule 5A:18 bars our consideration of his insufficient evidence claim. Again, the circumstances presented to the Court do not merit the invocation of the "ends of justice" exception to Rule 5A:18.

As discussed above, an appellant must show that a miscarriage of justice occurred to warrant the invocation of the "ends of justice" exception. Redman, 25 Va. App. at 221, 487 S.E.2d at 272 (citing Mounce, 4 Va. App. at 436, 357 S.E.2d at 744). When sufficiency of the evidence is raised for the first time on appeal, "the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 222, 487 S.E.2d at 273. In this case, appellant is not able to affirmatively show that he did not enter into an agreement with one or more persons to commit the crime of possessing marijuana with the intent to distribute. In fact, as discussed above, we find that the Commonwealth provided evidence that addressed every element of the charged offense. Accordingly, because no miscarriage of justice occurred, we will not consider appellant's claim that the evidence was insufficient.

## C. MOTION TO SET ASIDE THE VERDICT

Lastly, appellant contends that it was error for the trial court to deny appellant's motion to set aside the jury's verdict because the evidence did not prove beyond a reasonable doubt that the appellant entered into a conspiracy, and/or because the trial court erred by incorrectly instructing the jury on the law. Because appellant essentially restates the positions argued in respect to the first two questions presented, we decline to address this question.

---

[6] Appellant moved to strike the evidence in regard to the continuing criminal enterprise charge, but did not move to strike the evidence regarding the conspiracy charge.

## III.  CONCLUSION

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>