COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


JERRY SANDERS FONTAINE
                                            OPINION BY
v.          Record No. 2032-95-3    JUDGE SAM W. COLEMAN III
                                            JULY 8, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                    B. A. Davis, III, Judge

          Henry G. Crider for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     The defendant, Jerry Fontaine, was indicted on one count of

attempted malicious wounding and one count of leaving the scene

of an accident in which a person was injured in violation of Code

§ 46.2-894.[1]  The trial court, sitting without a jury, found the

defendant guilty of two misdemeanors, assault and leaving the
_____

     [1] Code § 46.2-894 states, in pertinent part:

          The driver of any vehicle involved in an
          accident in which a person is killed or
          injured or in which an attended vehicle or
          other attended property is damaged shall
          immediately stop . . . and report his name,
          address, driver's license number, and vehicle
          registration number forthwith to the State
          Police or local law-enforcement agency, to
          the person struck and injured if such person
          appears to be capable of understanding and
          retaining the information, or to the driver
          or some other occupant of the vehicle
          collided with or to the custodian of other
          damaged property.  The driver shall also
          render reasonable assistance to any person
          injured in such accident . . . .

scene of an accident involving property damage in violation of Code § 46.2-894.[2]

The defendant appeals only the conviction of leaving the scene of an accident involving property damage, commonly referred to as "hit and run property damage." He contends that the evidence was insufficient because it failed to prove that property was damaged as a result of the accident.

The Commonwealth argues that the defendant is barred by Rule 5A:18 from raising the issue on appeal because he failed to make a motion to strike the evidence in the trial court. The Commonwealth also contends that the defendant acquiesced in the trial court's ruling that adjudged him guilty of a misdemeanor rather than the charged felony. On the merits, the Commonwealth argues that the evidence was sufficient to prove hit and run property damage and, alternatively, because the evidence proved personal injury and because hit and run property damage is a lesser included offense of hit and run personal injury, the evidence was sufficient to prove the lesser offense.

We hold that the defendant preserved for appeal the issue of

---

[2] Code § 46.2-900 provides:

> Any person convicted of violating the
> provisions of §§ 46.2-894 through 46.2-897
> shall, if such accident results in injury to
> or the death of, any person, be guilty of a
> Class 6 felony. If such accident results
> only in damage to property, the person so
> convicted shall be guilty of a Class 1
> misdemeanor . . . .

whether the evidence was sufficient to support the conviction for hit and run property damage. He did so by filing a motion to set aside the verdict in which he assigned the specific reason that the evidence failed to prove that property was damaged. We further hold that the defendant did not, on these facts, acquiesce in being adjudged guilty of the misdemeanor offense or invite the trial judge to treat the charge as a misdemeanor. Finally, we hold that hit and run property damage is not a lesser included offense of hit and run personal injury. Because the defendant was not charged with or tried for the offense of hit and run property damage, the trial court erred in finding him guilty of that misdemeanor offense. Accordingly, we reverse the conviction for hit and run property damage.

BACKGROUND

Viewing the evidence in the light most favorable to the Commonwealth as the party prevailing at trial, the evidence proved that the complaining witness, William Gaddy, had agreed to repair the defendant's wife's automobile. Approximately two weeks after Gaddy began the repairs, the defendant went to the farm where Gaddy was repairing the car to check on the progress. An argument ensued, during which Gaddy picked up a shovel and the defendant picked up a tire iron. Gaddy testified that during a "scuffle" that occurred, he turned to avoid a fight and walked down the road. He heard the defendant's car start and heard it coming toward him. Gaddy said that he attempted to get out of

the way, but the driver's side of the defendant's car struck him on the lower buttocks and spun him around. His left arm got caught on the driver's side mirror, and he was thrown to the ground. Gaddy testified that he had injuries to his arm and chest and bruises to his knees and head, for which he received treatment at a hospital.

James Mebane and Jean Nelson testified that Gaddy came to their home to call an ambulance after the incident. Both testified that Gaddy was holding his arm as if it had been injured. Neither had witnessed the altercation between the two men.

Trooper Donnie Richardson, who investigated the incident and interviewed Gaddy at the hospital, testified that Gaddy was holding his arm and complaining of pain during the interview. Trooper Richardson then went to the defendant's home where he observed the defendant's car. He testified that the car "looked as though something had brushed against the left front bumper." He observed that the driver's side mirror was pulled loose and the driver's side window was broken.

At the conclusion of the evidence, the trial judge announced that he intended to convict the defendant of leaving the scene of an accident involving property damage, presumably as a lesser included offense of the charged crime of leaving the scene of an accident involving personal injury.[3] The following colloquy took
_____
[3] Code § 46.2-900 provides that a driver who leaves the scene of an accident with personal injury shall be guilty of a

place:

>THE COURT: Gentlemen, at best it's confusion. . . . Mr. Gaddy has absolutely no credibility, not the slightest. The Commonwealth's case rises and falls with the testimony of James Mebane and Jean Nelson. I was impressed with Ms. Nelson. She had no reason that I'm aware of to testify to anything other than what she did testify to. And that was the defendant, by his admissions, involved himself in this allegation [sic] . . . . I'm going to find the Defendant guilty of an assault and guilty of leaving the scene of an accident involving property damage.

>DEFENSE COUNSEL: Two misdemeanors, Judge.

>THE COURT: I found the Defendant guilty of assault and leaving the scene of an accident involving property damage. . . .

Although the defendant objected at trial that the evidence was insufficient to convict him of hit and run personal injury, he raised no objection when the judge found him guilty of hit and run property damage. At trial, he made no claim that the evidence failed to prove that property had been damaged. After trial, the defendant filed a timely motion to set aside the verdict for hit and run property damage on the ground that the evidence was insufficient to prove that property had been damaged. The trial judge denied the motion to set aside, and this appeal followed.

## ANALYSIS

(..continued)
Class 6 felony, and a person who leaves the scene of an accident involving property damage shall be guilty of a Class 1 misdemeanor. See fn. 2.

## I.  Procedural Bar

Generally, the sufficiency of the evidence to support a conviction may be challenged by a motion to set aside the verdict, even where no motion to strike the evidence was filed at trial.  See McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 739-40 (1987); Rule 3A:15(b).  The motion to set aside must set forth the specific objections to the sufficiency of the evidence.  Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978).

Here, the motion to set aside the verdict specifically alleged that the evidence was insufficient to prove property damage as a necessary element of the offense for which the defendant was convicted.  Thus, the defendant's motion to set aside the verdict on the ground that the evidence was insufficient to prove a necessary element of the offense was timely and sufficiently specific to satisfy the Rule 5A:18 requirement.

Next, we consider the Commonwealth's claim that the defendant concurred in the trial court's disposition.  Relying upon Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992), the Commonwealth contends that the defendant acquiesced in being found guilty of a less serious crime than the felony with which he was charged and should not be heard to complain.  "The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent

- 6 -

position." Clark v. Commonwealth, 220 Va. 210, 214, 257 S.E.2d 784, 792 (1979), cert. denied, 444 U.S. 1049 (1980) (citing Commonwealth v. Beavers, 150 Va. 33, 142 S.E. 402 (1928)). By inquiring whether the judge was convicting him of two misdemeanors, the defendant did not agree, acquiesce, or invite the trial judge's actions. At most, the defendant was seeking clarification that the convictions were for misdemeanors. Where the defendant asks for a reduced or less serious disposition of a felony charge, a different result will obtain. See Manns, 13 Va. App. at 679–80, 414 S.E.2d at 615. Such was not the situation here. The defendant did not acquiesce in being found guilty of hit and run property damage and nothing that he did earlier was inconsistent with his motion to set aside the verdict.

## II. Merits

We turn to whether the evidence was sufficient to support the conviction. The Commonwealth's argument is twofold: first, hit and run property damage is a lesser included offense of hit and run personal injury and, therefore, because the evidence is sufficient to prove the greater offense, it necessarily proves the lesser offense; and second, the evidence is sufficient to prove property damage. We first address the "lesser included" argument because, not only is it crucial to the Commonwealth's sufficiency argument, but, more importantly it is critical to the determination of whether the trial court had jurisdiction to find the defendant guilty of an offense not directly charged in the

indictment.

Whether one offense is a lesser included offense of the other depends upon whether the elements of the greater offense necessarily include all elements of the lesser. "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). "An offense is not a lesser included offense of another if each offense contains an element that the other does not." Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992). "The determination of what offenses are necessarily included lesser offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case . . . ." Taylor v. Commonwealth, 11 Va. App. 649, 652, 400 S.E.2d 794, 795 (1991).

Hit and run property damage by definition contains an element that is not included among the elements of hit and run personal injury. The former requires proof of property damage and the latter does not. Proof of personal injury does not necessarily prove property damage. The elements of proof of property damage and personal injury are distinctly different. Thus, hit and run property damage is not a lesser included offense of hit and run personal injury. Therefore, we reject the premise underlying the Commonwealth's argument that the evidence was sufficient to support the conviction because proof of the

charged offense was necessarily sufficient to prove the lesser included offense.

By convicting the defendant of an offense that was not lesser included and that was not charged, the trial court exceeded its authority. The indictment did not charge the defendant generally with hit and run in violation of Code § 46.2-894. Instead, it specifically charged hit and run personal injury. Thus, the Commonwealth charged the defendant with one offense and found him guilty of another. "The state may not accuse a person of one crime and convict him by proving another unless the offense is a lesser included one of that charged." Harrell v. Commonwealth, 11 Va. App. 1, 6, 396 S.E.2d 680, 682 (1990). The fact that the defendant did not object to or appeal the conviction on the ground that he was convicted for an offense with which he was not charged is of no moment. Unless an indictment is amended to conform to the proof, see Code § 19.2-231, or an accused acquiesces in being found guilty of an offense other than the one charged, Manns, 13 Va. App. at 679-80, 414 S.E.2d at 615, a trial court lacks the authority to find an accused guilty of an offense other than the one charged or a lesser included offense. Cf. Council v. Smyth, 201 Va. 135, 139, 109 S.E.2d 116, 119-20 (1959) ("The underlying question in habeas corpus proceedings is directed to whether an indictment is so fatally defective and void that the court in which the petitioner was convicted did not have jurisdiction of the person and crime

charged and if the court had jurisdiction to render the particular judgment."). The trial court lacked authority to convict the defendant for an offense not charged, absent an amendment to the indictment or acquiescence by the defendant. The lack of authority of the trial court to render the judgment that it did may be raised at any time and by this Court on its own motion. See Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990). Accordingly, because hit and run property damage was not a charged or lesser included offense, the trial court lacked authority to convict the accused of that offense. Thus, we reverse the conviction and find it unnecessary to address whether the evidence was sufficient to prove the uncharged offense.

Reversed and dismissed.