COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


FRANK WILLIAM FREEMAN

                                    MEMORANDUM OPINION* BY
v.     Record No. 0796-02-3       JUDGE JEAN HARRISON CLEMENTS
                                          JUNE 10, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      Joseph W. Milam, Jr., Judge

              S. Jane Chittom, Appellate Defender (Public
              Defender Commission, on briefs), for
              appellant.

              Kathleen B. Martin, Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


     Frank William Freeman was indicted for burglary, in violation

of Code § 18.2-89, and grand larceny, in violation of Code

§ 18.2-95.  He was convicted in a bench trial of trespass, in

violation of Code § 18.2-119, and grand larceny, as charged.  On

appeal, Freeman contends the trial court erred in (1) convicting

him of statutory trespass on an indictment charging burglary and

(2) finding the evidence sufficient to prove grand larceny.

Finding no error, we affirm Freeman's convictions.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

<h2 style="text-align:center">I. BACKGROUND</h2>

Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below. See Dowden v. Commonwealth, 260 Va. 459, 461, 536 S.E.2d 437, 438 (2000).

So viewed, the evidence establishes that Glostrice Deshazor lived with her daughter, Jada Walton, and Walton's four-and-one-half-year-old son, Sydney, in Apartment 2B of Southside Gardens Apartments at 145 Levelton Street in the City of Danville. Freeman was employed as a maintenance man for the apartment complex and had a master key.

Prior to going to bed at approximately 8:30 p.m. on November 2, 2001, Deshazor placed $268 in her purse. The purse was on a chair under the kitchen table. Walton had given her mother the money that day as reimbursement for Walton's portion of the month's rent. Deshazor saw three bottles of her medications on the kitchen table that evening before going to bed. The front door of the apartment was locked.

Upon entering the apartment, the living room was to the left and the kitchen was to the right. The bedroom was to the rear of the apartment beyond the living room-kitchen area.

-

Sydney's tricycle had been left near the front door of the apartment.

Shortly after midnight on November 3, 2001, all three residents of the apartment were in the bedroom. Deshazor and Sydney were asleep in bed, and Walton was lying at the foot of the bed watching television. At that time, Walton heard the tricycle rattle as the front door opened. Walton asked who was there, and Freeman responded, "Frank, the maintenance man." Freeman had used his key to gain entry into the locked apartment. Although Walton and Deshazor had had some problems in the past with their smoke alarm, neither had requested any maintenance work that required Freeman to be at their apartment in the middle of the night.

Freeman went into the bedroom, dangled his keys in Deshazor's face and called her name. Deshazor, awakened by Walton, sat up on the bed. Freeman said, "We're family. Today's my birthday." Freeman then asked Deshazor for money. Deshazor had no money with her. Walton went to the hall closet, got $5, gave it to Freeman, and told him "to get the hell out of [her] apartment."

After Freeman left, Walton relocked the front door. She then called Freeman's wife, Walton's co-worker at a local store, and told her what had happened. Walton then called the police, and a uniformed officer responded.

-

At approximately 7:00 a.m. that morning, Deshazor discovered that the $268 in cash had been taken from her purse and her medications on the kitchen table were missing. Deshazor and Walton again called the police.

Tammy Surratt, manager of the Southside Gardens Apartments, testified that, in addition to Freeman, the maintenance supervisor and a painter who worked for the company also had master keys. All three were authorized to work at night on Apartment 193 on the other side of the complex, but only after notifying her. No one had reason to go to the victims' apartment after midnight unless called by the residents for an emergency, Surratt said.

Freeman was indicted for burglary, in violation of Code § 18.2-89, and grand larceny, in violation of Code § 18.2-95. He was convicted in a bench trial of trespass, in violation of Code § 18.2-119, and grand larceny, as charged.

This appeal followed.

## II. TRESPASS CONVICTION

Freeman contends his trespass conviction is invalid because trespass, in violation of Code § 18.2-119, is not a lesser-included offense of common-law burglary under Code § 18.2-89. Relying on Lowe v. Commonwealth, 33 Va. App. 583, 535 S.E.2d 689 (2000), Freeman further claims his failure to object to the trial court's sua sponte ruling does not preclude him from raising this issue for the first time on appeal.

-

It is well settled that, "[u]nless an indictment is amended to conform to the proof or an accused acquiesces in being found guilty of an offense other than the one charged, a trial court lacks the authority to find an accused guilty of an offense other than the one charged or a lesser included offense."[1] Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 245 (1997). "The lack of authority of the trial court to render the judgment that it did may be raised at any time and by this Court on its own motion." Id.

The Commonwealth conceded at oral argument that statutory trespass, in violation of Code § 18.2-119, is not a lesser-included offense of common-law burglary under Code § 18.2-89. The Commonwealth contends, however, that Freeman acquiesced in his conviction of trespass. The trial court's action of reducing the burglary charge to trespass was not done sua sponte, the Commonwealth argues, but rather in response to Freeman's agreement in a discussion with the Commonwealth and trial court during closing argument that, if the court did not believe the evidence was sufficient to convict Freeman of the charged offense of burglary, he could still be found guilty of trespass. Moreover, the Commonwealth continues, when the trial court found Freeman guilty of trespass, Freeman did not object.

---

[1] The Commonwealth does not suggest on appeal, nor does the record show, that Freeman's indictment for burglary was amended by the trial court to reflect the offense of trespass.

-

Freeman claims that, throughout the trial, he argued merely that the evidence was insufficient to prove beyond a reasonable doubt the charges of burglary and larceny.  He did not, he asserts, ask that the burglary charge be reduced to trespass or tell the trial court it was proper to do so.  The trial court's decision to reduce the burglary charge to trespass, he argues, occurred sua sponte.  Alternatively, Freeman maintains, if anyone suggested to the trial court that the charge could be reduced, it was the attorney for the Commonwealth alone who did so.

The record in this case establishes that prior to ruling on the issue of Freeman's guilt, the trial court expressed doubts about the sufficiency of evidence to prove both of the charged offenses.  The trial judge also stated his concern that "it would be irreconcilably incongruent to convict on one and not on the other."  The following colloquy then occurred:

> THE COURT:  [I]f I believe that the defendant was guilty of the entering with the . . .
>
> [PROSECUTOR]:  Well, Judge, actually I think the burglary . . .
>
> [DEFENSE COUNSEL]:  That's two separate things.
>
> [PROSECUTOR]:  . . . hinges . . . hinges on the larceny.
>
> [DEFENSE COUNSEL]:  Larceny.
>
> [PROSECUTOR]:  If you believe that he committed the larceny, then . . .
>
> [DEFENSE COUNSEL]:  You can say . . . and for the burglary, but you've got to . . .

-

[PROSECUTOR]:  . . . you have . . . you would have to convict him of the burglary.

THE COURT:  Right.

[PROSECUTOR]:  If you don't believe he committed the larceny . . .

[DEFENSE COUNSEL]:  Larceny . . . proof beyond a reasonable doubt.

[PROSECUTOR]:  . . . then it falls back to misdemeanor trespass.

[DEFENSE COUNSEL]:  And that's why . . . it could be a trespass, and still not be a grand larceny . . . it's proof beyond a reasonable doubt.

THE COURT:  Right.  I understand.

[DEFENSE COUNSEL]:  Circumstantial evidence.

THE COURT:  Let me think about it.

[DEFENSE COUNSEL]:  Yes sir.

THE COURT:  Give me . . . give me just a few minutes.

[PROSECUTOR]:  Okay.

THE COURT:  (After a brief pause, the cases continued, as follows)  All right, I'm ready. Here's what I'm going to do . . . I'm going to . . . after considering the evidence . . . here's what I've decided on the reasonable doubt aspect.  I am going to find the defendant guilty of grand larceny as charged in Indictment No. 2, and I am going to find him guilty of trespass on Indictment No. 1. And the reason is, is because there is a possibility that he did not have the intent to commit larceny when he came in . . . that he had the intent to borrow money or ask for money, and then when he saw the pocketbook on

-

the way out, he took the money, and that's
. . . and I'm convinced he took the money.

[DEFENSE COUNSEL]:  Thank you, Your Honor.

"Acquiescence requires something more than a mere failure to object."  Lowe, 33 Va. App. at 589, 535 S.E.2d at 692.  Likewise, a mere statement or question to the judge seeking to clarify that one's conviction is for a misdemeanor rather than a felony for which he was indicted does not constitute acquiescence.  See Fontaine, 25 Va. App. at 165, 487 S.E.2d at 244.  However, "[w]here the defendant asks for a reduced or less serious disposition of a felony charge, a different result will obtain."  Id. at 163, 487 S.E.2d at 244.

Here, it is clear the trial judge had concerns about whether the Commonwealth's evidence was sufficient to prove the burglary and grand larceny charges.  It is also clear that, in injecting the offense of trespass into the brusquely flowing, fast-moving discussion, the Commonwealth and Freeman led the trial court to believe that, if the evidence was not sufficient to convict Freeman of burglary, the court could properly convict him of trespass.  Freeman's participation in that discussion manifested a willingness to be convicted of trespass.  Indeed, following the Commonwealth's reference to "misdemeanor trespass," Freeman's counsel agreed that "it could be a trespass."  Relying on the option it believed had been proposed by both parties, the trial court found Freeman guilty of trespass and grand larceny.  At that

-

point, rather than raising a specific objection to the court's ruling and clarifying its position, the defense, willing to accept a gift to which it was not entitled, merely thanked the court and asked that its exception to the court's overall ruling be noted.

We conclude that, by suggesting to the trial court that he could be found guilty of a less serious crime than the felony for which he was charged, Freeman invited the trial court's action. Furthermore, once the trial court took the action it had been invited to take, Freeman assented to it. "'The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" Manns v. Commonwealth, 13 Va. App. 677, 679, 414 S.E.2d 613, 615 (1997) (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979)).

We hold, therefore, that Freeman acquiesced in his conviction for trespass. Thus, the trial court had authority to find Freeman guilty of statutory trespass and did not err in doing so.

### III. GRAND LARCENY CONVICTION

When the sufficiency of the evidence is challenged on appeal, we view the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

-

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

Freeman contends the Commonwealth failed to prove beyond a reasonable doubt that he was guilty of grand larceny. Specifically, he argues the evidence presented at trial was insufficient to show he took or carried away money from Glostrice Deshazor's purse that was on a chair under the kitchen table or three bottles of her medications that were on the kitchen table. Furthermore, he adds, no stolen goods were found in his possession and he made no confession or incriminating statements. Freeman further contends the Commonwealth's evidence was circumstantial and merely showed that he had the opportunity to commit larceny. The evidence did not, he asserts, exclude every reasonable hypothesis except that of guilt, specifically, the "reasonable possibility" that someone else who had access to the apartment committed the larceny.

-

To convict Freeman of grand larceny, the Commonwealth had to prove that he unlawfully took property valued at over two hundred dollars belonging to Glostrice Deshazor with the intent to permanently deprive her thereof. See Code § 18.2-95(ii). Motive, time, place, means, and conduct must establish beyond a reasonable doubt that Freeman was the perpetrator of the crime. See Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 568 (1976).

Viewed in the light most favorable to the Commonwealth, the evidence in this case showed that Freeman used his master key to enter the victims' locked apartment shortly after midnight. Although he was a maintenance man at the apartment complex, neither Deshazor nor Walton had made any maintenance requests that required his presence at that hour. Freeman gave the two women no maintenance-related reason for his entry. Indeed, Freeman did not identify himself until Walton, who had heard his unauthorized entry, asked who was there. After walking into the bedroom, Freeman made some incoherent statements and demanded money. After obtaining $5, Freeman left when Walton ordered him to get out of the apartment. Walton then relocked the door. Money in a purse on a kitchen chair and three bottles of medications that had been on the kitchen table at 8:30 in the evening, were discovered missing at 7:00 a.m. the next morning. The kitchen was located to the right of the front entrance, and the bedroom to the rear of the apartment.

The trial court, which had the opportunity to hear and observe the witnesses on the stand and weigh the evidence accordingly, could reasonably infer from this evidence that Freeman was responsible for the larceny of the money and medications.

As to Freeman's argument that the Commonwealth's evidence was purely circumstantial and that it merely showed he had the opportunity to steal the money and medications but failed to exclude every reasonable hypothesis of innocence, our review of the record convinces us that this contention is without merit. "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "However, '[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.' Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) (citation omitted) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)).

Freeman argues that another maintenance man and a painter who worked for the apartment complex both had master keys and,

-

therefore, had access to the apartment and the stolen items. However, there was no evidence that either person entered the locked apartment between 8:30 p.m. and 7:00 a.m., the period of time during which the property was stolen. The trial court also considered and discounted Freeman's hypothesis that Walton herself had stolen the property from her mother. The trial court found it probative that the two women would call the police immediately after Freeman left, corroborate it further by a phone call to Freeman's wife, but not report the theft until the next day. We conclude from this evidence, as did the trial court, that the only reasonable hypothesis flowing from the evidence in this case is that Freeman took the $268 from Deshazor's purse and her medications from the table during his unlawful midnight entry into the victims' apartment.

For these reasons, we hold that the evidence presented in this case sufficiently supports Freeman's conviction of grand larceny and that the conviction is not plainly wrong.

Accordingly, we affirm Freeman's convictions of statutory trespass and grand larceny.

                                                    <u>Affirmed.</u>

-