COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Hodges


DAVID K. McLAWHORN

v.       Record No. 2609-02-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM H. HODGES
JANUARY 20, 2004


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

(John D. Levin; Levin, Levin & Tuthill, P.C., on brief), for
appellant.  Appellant submitting on brief.

(Jerry W. Kilgore, Attorney General; Richard B. Smith, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


A Portsmouth grand jury indicted appellant David K. McLawhorn (McLawhorn) for

malicious wounding, Code § 18.2-51, and hit and run personal injury, Code § 46.2-894.  The trial

court, sitting without a jury, found McLawhorn not guilty of malicious wounding and guilty of

misdemeanor hit and run property damage in accordance with Code § 46.2-894.  McLawhorn

argues that the trial court exceeded its authority by convicting him of hit and run property damage

because that offense is not a lesser-included offense of hit and run personal injury and was not

charged in the original indictment.  For the reasons stated below, we affirm the decision of the trial

court.

### BACKGROUND

The trial court heard conflicting accounts of the events that led to McLawhorn's arrest.

Portsmouth Police Officer Leslie Cox testified that on March 23, 2001, he saw a gray sports car

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

drive onto a 7-Eleven parking lot, accelerate toward a woman walking on the sidewalk in front of the store and strike her. The front of the car made contact with the building. The driver then reversed the vehicle and drove behind the store. Cox identified McLawhorn as the vehicle's driver.

Kelly Rathman, the victim, testified that at the time of the incident, she was McLawhorn's fiancée. The two married prior to the trial. According to Rathman, McLawhorn never struck her with the car. She claimed that as McLawhorn drove to the front of the store, one of the tires scraped the curb and ruptured. The noise from the explosion startled her and caused her to fall. Rathman testified that she did not suffer any injuries during the incident.

McLawhorn moved to strike the malicious wounding charge at the close of the Commonwealth's evidence. The trial court found no evidence of injury to Rathman and granted the motion. As to the hit and run personal injury charge, the trial court did not find evidence of injury but found evidence of an accident involving a motor vehicle and convicted McLawhorn of misdemeanor hit and run.

## ANALYSIS

McLawhorn argues that the trial court exceeded its authority by convicting him of misdemeanor hit and run resulting in property damage. The indictment charged him with hit and run personal injury. He contends hit and run property damage is not a lesser-included offense of hit and run personal injury, therefore, the court exceeded its authority in convicting him of a crime for which he was not charged.

The Commonwealth claims that McLawhorn's argument is barred on appeal because he failed to object to the trial court's ruling.

"A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). "An offense is not a lesser included offense of another if each offense contains an element that the other does not." Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992).

Hit and run property damage "requires proof of property damage"; hit and run personal injury does not. Fontaine v. Commonwealth, 25 Va. App. 156, 164, 487 S.E.2d 241, 245 (1997). The elements of proof of the two offenses are inherently different. Therefore, "hit and run property damage is not a lesser included offense of hit and run personal injury." Id. Relying upon Fontaine, McLawhorn contends that when the judge convicted him "of an offense that was not lesser included and that was not charged, the trial court exceeded its authority." Id. Accordingly, McLawhorn argues that the conviction raises a jurisdictional question which "may be raised at any time and by this Court on its own motion." Id. at 165, 487 S.E.2d at 245 (citing Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990)); see also Lowe v. Commonwealth, 33 Va. App. 583, 589, 535 S.E.2d 689, 691-92 (2000) (holding that trespass is not a lesser-included offense of statutory burglary and that such a finding by the trial court creates a jurisdictional issue on appeal).

However, we recently overruled Fontaine and Lowe "to the extent that they conclude a conviction of an offense that is not a lesser-included offense of the indicted charge renders the judgment void, i.e., it can be raised at any time." Edwards v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Dec 9, 2003) (*en banc*). Instead, there is a distinction "between a void and a voidable judgment in the context of differences between the indictment and the final conviction." Id. at ___, ___ S.E.2d at ___. We concluded in Edwards:

- 3 -

> [T]he trial court clearly had subject matter jurisdiction over the case, which involved a criminal matter.  See Code § 17.1-513 (giving circuit courts jurisdiction over criminal cases).  Appellant does not contend the offense occurred outside the Commonwealth of Virginia or that the court lacked jurisdiction over her person.  Thus, no jurisdictional defect renders her conviction of assault on a police officer void.  Since Rule 5A:18 bars consideration of this issue, we affirm the conviction of assault on a police officer.

Id. at ___, ___ S.E.2d at ___.

Likewise, in this case, the trial court clearly had subject matter jurisdiction over the case, the offense occurred within Virginia, and the court had personal jurisdiction over appellant.  Thus, no jurisdictional defect renders his conviction for misdemeanor hit and run property damage void.  Accordingly, because appellant failed to object to the trial court's ruling convicting him of this offense, Rule 5A:18 bars our consideration of this issue on appeal.

Affirmed.